FLOY G. McFARLAND *et al.* *v.* ED. B. CRENSHAW, COUNTY
COURT CLERK.*

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

*Corpus Juris-Cyc References: Judgments, 33CJ, section 57, p. 1099, n. 19; Taxation, 37Cyc, p. 1576, n. 34; p. 1585, n. 3.

FRANK M. GILLILAND, for complainant, appellants.

H. N. LEECH; for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The complainants have filed the record in this cause for writ of error, to review the decree of the Chancery Court of Shelby County, by which the original bill was dismissed on demurrer.

The complainants, as executors of the will of L. B. McFarland, deceased, show in the original bill that the will creates a life estate in certain property, real and personal, in favor of Mrs. Floy G. McFarland, widow of the testator, with remainder at the death of the widow to the children of testator's brother who should be living at the death of the widow, or to the children of a deceased child. The complainants aver that this remainder is contingent in its nature, and that the collateral inheritance tax on the remainder estate is not due or payable until the termination of the life estate, until which time the identity of those who will inherit the remainder is uncertain. The bill avers that the defendant is demanding that complainants pay from the estate the inheritance tax on this remainder, and they ask for a declaratory judgment as to whether they are now chargeable with the payment of this tax.

The chancellor sustained a demurrer which challenged the jurisdiction of the court because (1) the case stated in the bill is not one for declaratory relief, and (2) complainants were limited to the remedy stated in section 5 of the Inheritance Tax Law, Acts 1919, chapter 46.

The final decree of the chancellor contains a recitation that the defendant, by motion, asked that the decree include a judgment for the amount of the tax which the bill disclosed was demanded by the clerk; and from the action of the chancellor denying this motion, the defendant was granted an appeal to this court, the decree expressly relieving the defendant of the necessity of filing an appeal bond.

The complainants prayed and were granted an appeal to this court from the action of the chancellor in dis-

missing the bill; but this appeal was conditioned upon the filing of an appeal bond as required by law.

The complainants did not perfect their appeal within the time required by law, and the clerk did not file the transcript under the appeal of the defendant. The defendant took no steps to prosecute his appeal, apparently concluding that the cause was ended when the complainants failed to perfect their appeal. No assignments of error are now made for the defendant in aid of his appeal.

The decree of the chancellor was rendered September 27, 1928. On November 8, 1928, after the time had expired for completing the appeal of the complainants in this cause, the Commissioner of Finance and Taxation of the State, in whom is vested exclusive authority to collect inheritance tax which is not paid within one year from the death of the testator, filed an original bill in the Chancery Court of Shelby County against the executors, the complainants herein, and also against the trustee named in the will, seeking a decree for the entire amount of the inheritance tax, including the tax upon the remainder interest hereinabove described. On November 23, 1928, the defendants in that suit interposed a plea of former suit pending, reciting that the present action was then pending in this court on the appeal of the defendant, Ed. B. Crenshaw, Clerk.

The facts with respect to the suit of the Commissioner of Finance and Taxation are disclosed by a certified copy of the record of that case which is attached to the brief of the County Court Clerk.

The record for the writ of error was filed in this court on September 26, 1929, nearly ten months after the

Commissioner of Finance and Taxation had filed his original bill in the Chancery Court of Shelby County.

The bill discloses that the County Court Clerk had made valuations both of the life estate and of the remainder estate. The executors do not contest the amount of the valuation, but deny that they should now be required to pay the tax on the remainder estate, the amount of which they do not dispute.

The chancellor was of opinion that the executors were not entitled to invoke the aid of a court of equity in circumstances shown by the bill because they had an adequate remedy at law; by *certiorari* from the circuit court to the clerk; the chancellor being of opinion that the clerk's "report showing the amount of inheritance tax and the apportionment thereof has the force and effect of a judgment," the clerk acting, under the inheritance tax law, in a *quasi*-judicial capacity.

We would be inclined to agree with the learned chancellor in this holding but for certain provisions of the inheritance tax law, which do not appear to have been called to his attention; no reference thereto appearing in his opinion or on the briefs of counsel. In section 11 of the statute, Acts 1919, chapter 46, it is provided: "If any such legacy shall be given in money to any person for a limited period the executor, administrator or trustee shall retain the tax upon the whole amount, but if it be not in money, he may apply to any court having jurisdiction to make an apportionment, as the case may require, of the sum to be paid into his hands by such legatee, and such further orders as the case may require."

There being no controversy with regard to appraisment or valuation, we think this provision of the statute confers upon a court of chancery jurisdiction to apportion an inheritance tax between life tenant and remainderman, upon proper application of executor, administrator or trustee, and to make such orders, with reference to the tax on contingent remainders as will protect the rights of both the State and the taxpayers under the statute. The county court clerk, under section 5 of the statute, determines the amount of the tax due upon the entire estate. The apportionment of this tax between life tenant and remainderman is, by section 11, made a question of law for the determination of the courts.

Suit having been brought by the Commissioner of Finance and Taxation for the collection of the tax, we think the question of apportionment and the present liability of the executors for the entire tax, should be determined by the chancellor in that case.

It is obviously contrary to the spirit and purpose of the Declaratory Judgments Law that a party should be delayed in the prosecution of an accrued cause of action until the termination of a proceeding brought for a declaratory judgment. Whatever right the State, first through the County Court Clerk of Shelby County and subsequently through the Commissioner of Finance and Taxation, had to demand and exact from the executors the payment of the disputed inheritance tax, had accrued when the bill in the present cause was filed, March 26, 1927, almost a year after the death of the testator, March 28, 1926.

When, therefore, the complainants in the suit for a declaratory judgment failed to perfect their appeal

from the decree of the chancellor dismissing their suit, the Commissioner of Finance and Taxation was justified in the belief that the appeal was abandoned. The motion made by the County Court Clerk for a judgment in his favor in the declaratory judgment suit was obviously ill-advised, since there was no pleading to support it, and the Commissioner, believing that the entire tax was due and delinquent, was justified in bringing his suit for the collection of the tax.

The court is of the opinion that all questions against the tax which complainants raise in their bill in the present action are equally available to them as a defense to the suit of the Commissioner of Finance and Taxation. No purpose can be accomplished, therefore, by the further prosecution of this cause, and since the complainants failed to prosecute their action for a declaratory judgment with diligence, it is the opinion of the court that they should be remitted to their defense in the suit brought against them by the Commissioner of Finance and Taxation.

A decree will accordingly be entered herein dismissing the appeal of the defendant, for failure to prosecute it, and dismissing the writ of error of the complainants, without prejudice to any defense which they may make to the suit brought against them in the Chancery Court of Shelby County by the Commissioner of Finance and Taxation of the State. All costs of this cause are adjudged against complainants, as executors.