R. R. HARRELL, *et ux*, COMPLAINANTS, APPELLANTS, *v.* AMERICAN HOME MORTGAGE CO., *et al.*, DEFENDANTS, APPELLEES.

(*Knoxville,* September Term, 1930.)

Opinion filed May 4, 1931.

COURTNEY C. HAMILTON and MALONE & WADE, for complainants, appellants.

GRINDSTAFF & CAMPBELL, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The original opinion of this Court in this cause was filed November 28, 1930. A petition for rehearing asserts two propositions:

1. That aside from the alleged sufficiency of the service of process as against the Mortgage Company, all the parties defendant were brought before the Court by publication, and that this was sufficient to give the Court jurisdiction to determine the issues raised by the bill, the *res* being within the jurisdiction of the Court.

2. That the defendants entered their appearance by filing a stipulation dealing with and covering the whole merits of the controversy, without reserving, or attempt-

ing to reserve, any rights with respect to their appearance.

With respect to the first proposition, it is clear that the Mortgage Company was not before the Court,—unless it was brought in by service of process on the Tennessee corporation located at Elizabethton, which the bill alleged was the local agent of the Mortgage Company, and on which service of the subpoena was made as such agent. There was no publication against the Mortgage Company and no prayer for publication. The Chancellor found on the stipulated facts that the Service Lumber Company, alleged to be the agent of the Mortgage Company in Carter County, Tennessee, and served as such, was not the agent of the Mortgage Company in any such sense that service on this domestic corporation would be service on the Mortgage Company, and this Court affirmed the holding of the Chancellor in that regard.

It follows that the Mortgage Company was not before the Court, either by service of process or publication, or subject to its jurisdiction, unless, as contended in the petition to rehear, the appearance of this defendant was entered by virtue of the stipulation filed in the cause.

Pleas in abatement were filed by all the nonresident defendants before any other defense was made and before the stipulation was filed. The plea on behalf of the Mortgage Company asserted, in substance, that it was a foreign corporation with no agent in the State of Tennessee; that it was without any office or agency in the State; that it had never done business in the State, and that the parties on whom subpoena had been served as agents of the Mortgage Company were not in fact its agents and never had been. The filing of these pleas in

abatement operated as a special appearance only and this was the proper method of testing the jurisdiction. *Hurst-Boillin Co.* v. *Kelly,* 146 Tenn., 251; *Purnell* v. *Morton Live Stock Co.,* 156 Tenn., 383.

The complainants first set down all these pleas in abatement for argument as to their sufficiency; and upon the hearing thereof the Court adjudged that they were sufficient in form, "and the defendants are entitled to rely on them at the hearing." Thereupon the complainants joined issue on the pleas. It also appears that the defendants, Mortgage Company and Smith, subsequently answered, "not waiving the plea in abatement heretofore filed;" and a stipulation signed by counsel for all parties was also filed, setting forth in detail the facts with respect to the incorporation and organization of the Mortgage Company and its various transactions in the State of Tennessee.

In view of the fact that these defendants had *in limine* interposed objections to the jurisdiction of the Court by plea in abatement, which had been adjudged sufficient in form, and on which the complainants had joined issue, the defendants would certainly not have entered their appearance by offering evidence as to the facts tending to sustain the averments of the pleas; and, if they could have introduced proof as to the facts, it seems clear that they could also stipulate the facts without waiving the objections made by the plea, or entering a general appearance. The contention, therefore, that by signing this stipulation, after they had duly raised and preserved their objections to the jurisdiction by proper pleas in abatement, the defendants waived the pleas and entered a general appearance, seems to be without merit.

376

■ The authorities cited in support of the proposition that the filing of a motion, or taking of depositions, or making of any agreement in a cause, etc., amounts to an entry of appearance, are applicable where such action is taken by defendants without first making objection to the jurisdiction; but they have no application to a case where objections to the jurisdiction have been properly made at the outset, and when the truth of the objections alleged to the jurisdiction of the Court is put in issue by the complainant. Whenever a question of fact is raised in this way, it is of course necessary that the facts be ascertained by the Court, either by the taking of proof, or by an agreement stipulating what the facts are; and neither the taking of proof nor the making of a stipulation, nor participation in the hearing will amount to a general entry of appearance, or waive the objections made by the plea.

See 2 R. C. L., p. 339, sec. 20 and cases cited. See also subsequent cases annotated in L. R. A., 1916E, p. 1082, et seq.

■ Under the Act of 1897, (Ch. 121, p. 277) a defendant has the right, upon the over-ruling of a plea in abatement, to plead to the merits as if the plea in abatement had not been interposed; and the defendant may also plead both in abatement and in bar at the same time, and the plea in bar does not waive the plea in abatement.

■ Under this statute this Court has held that a plea in abatement and a plea in bar may be filed simultaneously, but are not required to be so filed; and that a plea in abatement is not waived by the filing of an answer upon the overruling of the plea and going to trial on the merits. *Thatch* v. *Continental, etc., Asso.*, 114 Tenn., 271.

And a *fortiori* a plea in abatement would not be waived, where the trial court has held it sufficient in form and complainant has then joined issue on it, merely because the defendant signs an agreement or stipulation with respect to the facts, instead of going through the formality of establishing the facts by testimony. The Act of 1897 is codified in Shannon Code, sec. 4625a2, and a number of cases construing it are cited in the notes.

The Mortgage Company was undoubtedly a material defendant in any suit brought to construe and determine the validity of the notes and deed of trust referred to in the pleadings and section 11 of the Declaratory Judgments Act (Acts of 1923, Ch. 29) expressly provides that when declaratory relief is sought "all persons shall be made parties who have or claim any interest which would be affected by the declaration." Therefore, the Mortgage Company not having been made a party, either by service of subpoena or by publication, the Court could not properly render a declaratory judgment as prayed.

In view of the condition of the record as above set forth, it would seem unnecessary to consider whether or not an action for a declaratory judgment is a proceeding in rem in such sense that a Court, within whose territorial jurisdiction property is located, the title to which might be affected by the judgment sought, could acquire the power to pass upon and determine the rights in the property of persons not served with process by bringing them into court by publication. It may be conceded that, if the complainants had sought by their bill to clear up the title to the real estate in question, by setting aside the deed of trust complained of, the claimants under the deed of trust, being nonresidents, could have been brought before the Court by publication as

378

provided by the statutes, and would be bound by a decree affecting or adjudicating their rights in the property.

However, if the complainants had taken that course, they would have been required to do equity by paying or offering to pay the amount which they admitted they had borrowed from the Mortgage Company. See annotations in 70 A. L. R., p. 693. In the recent unreported case of *Stone* v. *Provident Loan Corp.,* Shelby Equity, (December, 1930 term), this court affirmed the decree of the Chancellor dismissing a bill to enjoin collection of a mortgage debt on the ground of usury where the complainant failed to offer to do equity by offering to pay the sum justly due, following *Sporrer* v. *Eifler,* 1 Heis., 633; *Bang* v. *Windmill Co.,* 96 Tenn., 367; *New York, etc., B. & L. Asso.* v. *Cannon,* 99 Tenn., 349, and *Cox* v. *B. & L. Asso.,* 101 Tenn., 492. "The principle is that a Court of Equity will shield a defendant against the enforcement of an illegal contract and leave him *in statu quo,* but it will not grant the defendant active, aggressive aid to set aside and cancel such contract except upon condition that he do equity."

Instead of bringing a suit of that character, complainants sought by the amendment to their original bill to have the bill "maintained and treated as filed solely for the declaratory relief obtainable and provided for in" the Declaratory Judgments Act. It is not apparent why the complainants should be entitled to obtain such relief under the Declaratory Judgments Act, except on the same conditions on which they could obtain it by a bill brought for the express purpose of adjudging the deed of trust to be void and unenforceable. This Court has held, and it is well settled in other jurisdic-

tions, that the granting of a declaratory judgment is discretionary. *Newman* v. *Interstate Realty Co.,* 152 Tenn., 302, and the cases cited in notes in 12 A. L. R., 72, and 12 A. L. R., 1101-1124.

And no reason is perceived why the Court should exercise its discretion to render a declaratory judgment adjudging the notes and deed of trust involved in this cause to be void and unenforceable, unless and until the complainants themselves do equity by repaying or offering to repay the money they admit they borrowed on the security of the notes and deed of trust.

The petition is denied.