This is a proceeding under the Declaratory Judgment Act, in which the plaintiff seeks to have the rights, status, and legal relations as between it and the defendant J. C. DeLozier under an automobile liability policy determined and declared.
The plaintiff issued and delivered to the defendant J. C. DeLozier a personal injury and property damage policy covering a Studebaker sedan automobile for the period from 30 May, 1937, to 30 May, 1938. The policy obligated the plaintiff to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law, for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, or because of injuries to or destruction of property sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile within the limits stipulated in the policy. The policy likewise obligated the plaintiff to defend in the name and behalf of the defendant any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent.
The policy contains certain noncoverage clauses, including one which provides that the policy does not apply while the automobile is operated by any person under the age of fourteen years, or by any person in violation of any state, Federal, or provincial law as to age applicable to such person or to his occupation, or by any person in any prearranged race or competitive speed test.
On or about 26 July, 1937, the automobile described in the policy was involved in a collision resulting in certain personal injuries to the defendant Evelyn Thelma Tweed and damage to her automobile. Thereafter the said Evelyn Thelma Tweed instituted an action in the general county court of Buncombe County against the defendant J. C. DeLozier to recover compensation for such injury and damage. The complaint *Page 336 
in said action alleges that at the time of said accident the Studebaker automobile described in the liability policy was being operated by the defendant J. C. DeLozier.
The plaintiff, in compliance with its duty under the policy, investigated said accident, and in the course of such investigation procured a statement from the defendant J. C. DeLozier, in which said defendant stated that the automobile at the time of the accident was being operated by his son, who was fifteen years of age 13 September, 1937, thus disclosing that his son was under fifteen years of age at the time of the accident.
On 24 August, 1937, counsel for the plaintiff wrote the defendant DeLozier advising that it was not obligated to assume any liability arising out of the accident by reason of the age of the driver of the car, and offering to defend upon the express condition that it did not thereby waive its right to deny coverage. On 25 August, 1937, the defendant DeLozier replied, stating that he contended that his liability arising out of the accident was covered by the policy and that the defendant was obligated to defend the suit instituted by the defendant Tweed, and making demand that the plaintiff defend said suit, but refusing to permit such defense with the reservations requested by the plaintiff. Other correspondence passed between these parties to like effect. On the last day of the time within which the defendant DeLozier was permitted to answer the complaint of the defendant Tweed, plaintiff applied to the judge of the general county court for an order extending time to file answer, which was granted. The defendant DeLozier thereupon notified the counsel for the plaintiff that, inasmuch as the plaintiff had appeared in the damage suit action and procured an order for an extension of time in which to file answer, he had released the attorneys he had theretofore employed and looked to the plaintiff to defend said action.
Thereupon the plaintiff instituted this proceeding in the general county court of Buncombe County, setting forth in his petition in some detail the foregoing facts and attaching thereto as exhibits copies of the letters which had passed between the plaintiff and the defendant DeLozier, a copy of the complaint filed by the defendant Tweed in her damage suit, and a copy of the statement made by the defendant DeLozier. Plaintiff prayed the court:
"1. That the court proceed under the law of the State of North Carolina, cited and known as the Uniform Declaratory Judgment Act, to pass upon, declare and determine, by declaratory judgment, the rights, status, and other legal relations of the parties, as well as upon the controversy as set forth in the foregoing complaint, and particularly to determine, under the circumstances and facts as they may be found to be, whether or not it is the duty and obligation of the said Lumbermen's *Page 337 
Mutual Casualty Company to proceed, for and on behalf of the said J. C. DeLozier, with the defense of the suit wherein the said Evelyn Thelma Tweed is plaintiff and the said J. C. DeLozier is defendant, and to interpret, in the light of the facts as they may be found to be, the terms and provisions of the said contract of insurance, and to declare and determine the rights, status, and other legal relations of the said Lumbermen's Mutual Casualty Company under the terms and provisions of said policy of insurance.
"2. That the court make an order suspending and staying the proceedings in the suit of the said Evelyn Thelma Tweed against the said J. C. DeLozier and pending in the general county court of Buncombe County, North Carolina, and ordering and directing that the said Evelyn Thelma Tweed, as plaintiff therein, and the said J. C. DeLozier, as defendant therein, and their respective attorneys, refrain and desist from proceeding, or attempting to proceed, any further in said action until the further orders of the court, and further requiring the said J. C. DeLozier and the said Evelyn Thelma Tweed, defendants herein, to appear and show cause, at a time to be fixed by said order, why said order staying said further proceedings in said suit shall not be continued in effect until the final termination of the rights, status, and legal relations of the respective parties as herein prayed for."
The petition herein was presented to the judge of the general county court and application was made for a temporary stay of the suit of "Tweedv. DeLozier" and an order staying said proceedings and notifying the defendants to appear and show cause was duly entered.
On the return day of said notice, after considering the evidence offered by the plaintiff, the court continued the order staying the proceedings in "Tweed v. DeLozier" until the further orders of the court, and ordered the defendants, their counsel and agents to refrain and desist from proceeding or attempting to proceed further in said action until the further orders of the court. The defendant Tweed excepted and appealed to the Superior Court.
When the cause came on to be heard in the court below the judge sustained defendant Tweed's Exception No. 8, which was an exception to the order, and the signing thereof, entered by the general county court, and signed an order vacating and reversing said order.
Was there error in the judgment of the court below vacating the order entered by the judge of the general county court ordering the defendants, their attorneys and agents to refrain from prosecuting the action for damages instituted by the defendant Tweed *Page 338 
against the defendant DeLozier? This is the only question presented and it must be answered in the negative. Whether this proceeding is maintainable as between the plaintiff and the defendant DeLozier is not presented.
The plaintiff sets out fully the terms of its policy, the conditions under which liability attaches, the circumstances under which the plaintiff is required to defend in the name and behalf of the defendant DeLozier, and the noncoverage provisions of the policy. The defendant DeLozier files no answer. He thereby admits the allegations in the complaint or petition.
The defendant Tweed is not interested in the alleged controversy between the plaintiff and the defendant DeLozier as to whether the plaintiff is required to defend an action instituted against DeLozier for damages growing out of an accident while said defendant's child under sixteen years of age was operating the automobile. The defendant Tweed in her action specifically alleges that the defendant DeLozier was operating the automobile at the time she sustained her injuries. If she recovers it must be on evidence sustained her allegations. In her present action she cannot recover on proof that the boy was driving.
The plaintiff concedes in its petition that it is its duty to defend an action instituted against DeLozier for damages growing out of his alleged negligence in the operation of said automobile, even if such suit is groundless, false or fraudulent. It is now called upon to defend an action in which it is alleged that the defendant DeLozier was so negligent. There can be no controversy as to its duty under the terms of its policy to respond to this call.
Litigants have the right to an expeditious trial of their causes, in so far as the condition of the docket will permit. No cause appears upon the record why this right should be denied to the defendant Tweed. If the plaintiff desires to have adjudicated the alleged controversy between it and the defendant as to the duty of the plaintiff to defend an action instituted against DeLozier, in which it is alleged that his infant son was operating the automobile in violation of law, it may do so. But it has no right to delay the defendant Tweed in the prosecution of her action pending the determination of that controversy.
This action presents a novel situation which is unique in the annals of legal procedure, at least in this State. The judge of the county court orders and directs a litigant and her attorneys to refrain and desist from proceeding in an action in his own court. In effect he restrains the trial of a cause pending before him.
Exception No. 8, entered by the defendant Tweed to the judgment signed by the judge of the county court, was well taken and the judge below properly sustained the same.
Affirmed. *Page 339