BLOUNT *v.* REYNOLDS *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

MARTIN EXUM and H. CARMACK MURCHINSON, both of Jackson, for complainant.

WALDROP, HALL & WINNINGHAM, of Jackson, for defendants.

Mr. Justice Gailor delivered the opinion of the Court.

This is a bill filed for a declaratory judgment to which, after permitting two amendments, the Chancellor sustained a demurrer, and the complainant has perfected his appeal.

I. J. Blount was the husband of Mrs. Ossie Wells Blount, who died testate in Madison County in December 1948. By her will, Mrs. Blount appointed defendant Margaret Reynolds her executrix, and made her the principal beneficiary of real and personal property which she devised and bequeathed in the will. The defendant probated the will and was appointed executrix in the County Court of Madison County on December 21, 1948. Apparently, she was proceeding with the orderly and legal administration of the estate at the time of the filing of the original bill in this cause on September 7, 1949. It is stated in the bill that complainant dissented from the will of his deceased wife, but there is no state-

ment in the bill that the defendant, or any one else, has denied him the legal rights arising by reason of such dissent.

After the usual prayer for process, the prayer of the original bill was as follows: "That at the hearing the Court declare the rights of the parties, whether or not *he* had a right as the husband of the deceased to administer upon the estate of Ossie Wells Blount, and if so that said Administration be transferred to the Chancery Court in order to prevent a multiplicity of suits and so that full justice may be given to all the parties, under its inherent powers and under the Declaratory Judgments Act. He prays for such other, further and general relief as under the premises he may be entitled to receive.

After the defendant's demurrer was sustained to the original bill by amendments, Mrs. Reynolds was sued as executrix, as well as individually, and the prayer of the bill was amended to seek a decree for

(1) $13,000 or its equivalent in real estate.

(2) A declaration of rights between complainant and defendant in

(a) the bank account of the deceased wife,

(b) certain real estate notes which were assets of her estate,

(c) certain Government bonds payable either to Ossie Wells Blount or to Ossie Wells Blount and Margaret Reynolds jointly.

To the bill as thus amended, the defendant Reynolds filed a demurrer on two grounds, namely:

"1. That there is no equity expressed in the bill against this defendant in her individual capacity or in her capacity as executrix, or against her co-defendant.

"2. The bill, as amended, does not allege the existence of any valid or enforceable contract or agreement existing at any time between the complainant and Mrs. Ossie Wells Blount, deceased, whereby deceased, or her estate, or this defendant would be liable in any amount to complainant."

The Chancellor sustained the demurrer generally and dismissed the bill. The Chancellor delivered no opinion and gave no reason for his action. We are, therefore, at liberty to draw our own inference of the reasons which led to his action.

 Since the real relief sought was a declaratory judgment, the Chancellor had wide discretion whether he would make a declaration, and in view of the circumstances presented by the bill, he was to exercise such authority with the utmost caution. *United States Fidelity & Guaranty Co.* v. *Askew et al.,* 183 Tenn. 209, 191 S. W. (2d) 533; *Harrell* v. *Am. Home Mtge. Co.,* 162 Tenn. 371, 36 S. W. (2d) 888.

 As pointed out in the first ground of the demurrer, neither the bill nor the bill as amended, made any charge of misconduct or irregularity against the defendant, Mrs. Reynolds; nor was there any charge of irregularity or denial of complainant's rights in the proceeding in the County Court, so in view of the fact that the bill showed on its face, that to make the declaration when it was sought, would have been to interfere with the orderly and legal administration of the estate in the County Court, which Court has exclusive jurisdiction of the administration of estates, the effect of the declaration sought would have been to oust the County Court of jurisdiction. Neither the bill as originally filed, nor as amended, states any facts to justify a right in the

complainant to have determined in the Chancery Court, rights which had not, so far as his bill discloses, been denied him in the County Court. We think the first ground of the demurrer was properly sustained, since neither the original bill, nor the bill as amended, stated any equities against Mrs. Reynolds, and since, therefore, neither the bill, nor the bill as amended, presented a justiciable controversy which was essential for a declaration.

Decree affirmed.

All concur.