SOUTHERN FIRE AND CASUALTY COMPANY

*v.*

R. C. COOPER AND G. L. WILES, Doing Business as

Home Supply Company et al.

(*Knoxville,* September Term, 1955.)

(May Session, 1956)

Opinion filed June 8, 1956.

SIMMONDS, BOWMAN & HERNDON, Johnson City, for petitioner.

PAUL J. SHERWOOD, Johnson City, Guardian *Ad Litem* for minors, Karen Ford and Sammy Ford.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The commencement of this suit was a petition filed by Southern Fire and Casualty Company seeking a declaratory judgment, section 23-1102 et seq. T.C.A. The decla-

ration was refused. The Insurance Company has appealed.

According to the allegations of the petition, a tort action has been instituted in behalf of two minors named Sammy and Karen Ford to recover damages from Cooper and Wiles, trading as Home Supply Company, for injuries alleged to have been received by reason of an accident in which their automobile was said to have been involved.

In force at the time of this accident was an insurance policy issued by Southern Fire and Casualty Company wherein it agreed to (1) pay any sums within certain limitations for which Cooper and Wiles became legally liable by reason of an accident resulting from their operation of this automobile, and (2) defend suits arising out of such accident.

One provision of that policy is that the insured should inform the company of such accident "as soon as practicable" after its occurrence. Another is that "no action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy * * *." The petition alleged that the insured did not give the insurance company any notice of this accident until after the commencement of the aforesaid tort action. This was more than six months after the accident.

The prayer of the Insurance Company's petition is (1) that the Court declare whether, in view of the insured's alleged delinquencies with reference to this notice, it, the Insurance Company, is "required to defend" the tort action brought in behalf of these children, and (2) that said tort action "be stayed" until such declaration is made.

(1) Cooper and Wiles, the insured, (2) the driver of the automobile at the time of the accident, and (3) the minor plaintiffs in the tort action, Sammy and Karen Ford, were made defendants to this petition. It was in response to the plea in abatement filed in behalf of these infants that a declaration was refused, and the suit abated.

■ ■ It rests within the sound discretion of the Trial Court as to whether it will render a declaratory judgment. *Harrell v. American Home Mortgage Company*, 162 Tenn. 371, 378-379, 36 S.W.2d 888. That discretion is "very wide", and the action of the Trial Court in refusing a declaration should not be disturbed by this, an Appellate, Court, unless such refusal be arbitrary. *Nicholson v. Cummings*, 188 Tenn. 201, 205, 217 S.W.2d 942. Hence, consideration should be given first to the question of whether the refusal of the trial court to make a declaration was arbitrary.

In *Hardware Mutual Casualty Company v. Higgason*, 175 Tenn. 357, 372-373, 134 S.W.2d 169, it was held that an insurer is not estopped from denying liability to the insured by reason of the fact that it previously participated in the suit against the insured, provided it gives the insured appropriate notice that it does not, by so participating, waive the benefit of such defense. Thus, the refusal of the Court to declare the insurer's obligations within the premises need not prejudice whatever right, if any, it has by reason of the alleged delay of insured in giving notice of the accident.

■ Were there no decision of this Court directly in point, still, the situation immediately above stated seems, by analogy, to bring this case within the rule recognizing "the absence of equitable jurisdiction to interfere with

or suspend an action at law \* \* \*'', except where the equitable remedy is necessary to prevent irreparable loss. *Georgia Industrial Realty Co. v. City of Chattanooga,* 163 Tenn. 435, 441, 43 S.W.2d 490.

But a decision directly in point is *McFarland v. Crenshaw,* 160 Tenn. 170, 175, 22 S.W.2d 229, 230, wherein this Court said that:

"It is obviously contrary to the spirit and purpose of the Declaratory Judgments Law (Pub. Acts 1923, c. 29) that a party should be delayed in the prosecution of an accrued cause of action until the termination of a proceeding brought for a declaratory judgment."

In *Merchants Mutual Casualty Company v. Leone,* 298 Mass. 96, 9 N.E.2d 552, 555, annotated in 123 A.L.R. 306, the Court affirmed the action of the Trial Court in refusing to make a declaration as to the obligation of the insurer to defend the tort action because of the failure of the insured to give prompt notice of its occurrence. In so doing, it declared a "sound judicial discretion" warranted the refusal. And the North Carolina case of *Lumbermen's Mutual Casualty Company v. De Lozier,* 213 N.C. 334, 196 S.E. 318, annotated in 123 A.L.R. 309, is to like effect.

The decisions of this State and of the foreign jurisdictions above mentioned require the conclusion that the Trial Judge did not act arbitrarily in refusing to make the declaration. Hence, this Court should not disturb his action.

Reference is made in the brief of the Insurance Company to our recent case of *Pennsylvania, etc., Insurance Company v. Horner,* —Tenn.—, 281 S.W.2d 44, and to *Trinity Universal Insurance Company v. Willrich,* 13 Wash.2d 263, 124 P.2d 950, 142 A.L.R. 1.

In the first of these cases, the Trial Judge, in the exercise of a permissible discretion, elected to make a declaration. The question made by the appeal, therefore, was not whether he had acted arbitrarily in so electing, but whether his declaration is in accordance with the law. In the instant case the question made is whether the Trial Court acted arbitrarily in refusing to make a declaration. In the Washington case there was a stipulation that the trial of the tort action would be delayed until the declaratory judgment suit was decided. The Court does not think either of these cases is in point here.

The Trial Court fixed the amount of compensation to which the guardian *ad litem* was entitled for his services in behalf of these minors in that Court, and taxed it as a part of the costs of the cause. No objection thereto appears. It is requested that this Court determine the amount of compensation to which this guardian *ad litem* is entitled for his services in this Court and tax the same as a part of the costs.

It is felt, however, that the better course is to remand the cause to the Trial Court for the ascertainment of this fee wherein the amount so found will likewise be taxed as part of the costs.

Affirmed and remanded.