STANDARD ACCIDENT INSURANCE COMPANY,
Plaintiff in Error,

*v.*

THOMAS CARVIN, WILLIAM A. THOMPSON,
NORMAN E. THOMPSON and WARD CRUTCHFIELD,
Defendants in Error.

400 S.W.2d 235.

(*Knoxville,* September Term, 1965.)

Opinion filed February 18, 1966.

FRED M. MILLIGAN, Chattanooga, MILLIGAN, HOOPER & HARRIS, Chattanooga, of counsel, for plaintiff in error.

MARVIN BERKE, Chattanooga, BERKE & BERKE, Chattanooga, of counsel, for defendants in error.

MR. JUSTICE DYER delivered the opinion of the Court.

This is a proceeding brought under the Declaratory Judgments Act (T.C.A. 23-1101 et seq.) by Standard Accident Insurance Company (Plaintiff in Error) against Thomas Carvin, William A. Thompson, Norman E. Thompson and Ward Crutchfield (Defendants in Error) to determine certain facts in connection with an automobile accident. The Defendants in Error entered a demurrer and upon same being sustained this appeal resulted.

Plaintiff in Error issued an automobile liability policy to Ward Crutchfield covering his 1961 Thunderbird automobile, which policy also provided coverage to other persons driving this car with the permission of Crutchfield. On 27 May 1963 this car was being used, with permission of Crutchfield, by Thomas Carvin, William A.

Thompson and Norman E. Thompson when the car left the highway, near Dalton, Georgia, striking a tree causing injuries to William A. Thompson and Norman E. Thompson. William A. Thompson and Norman E. Thompson filed suits for damages grounded on the allegation Thomas Carvin was driving this car at the time of the accident. These two damage suits and the proceeding *sub judice* were all filed in the same court.

In the proceeding *sub judice* Plaintiff in Error alleges, even though Thomas Carvin admits he was driving this car at the time of the accident, nevertheless Plaintiff in Error has substantial evidence the car, at that time, was not being driven by Thomas Carvin but rather by William A. Thompson. Plaintiff in Error in its brief then states:

It is further alleged that the aforesaid factual controversy has placed the petitioner in such a position that it cannot afford Carvin a defense under Mr. Crutchfield's policy as a permissive user of Crutchfield's automobile and at the same time assert that he was not driving the automobile in question.

Upon seeing that it would be impossible to represent Carvin in these two damage suits without giving up the legal right to assert the valid defense that Carvin was not the driver of the automobile in question, petitioner brought this suit. (Plaintiffs in Error Brief)

Defendants in Error filed a demurrer on four grounds as follows:

1. The cases of William A. Thompson and Norman E. Thompson, Nos. 1391 and 1390, referred to in the petition, were tried on the merits, and although there was a mistrial on the facts, either on liability or damages, the Court now being familiar with the

proof, should hold as a matter of law that the rights of all parties can be properly protected in one action.

2. The petition for declaratory judgment was not sworn to and properly verified, as required by law.

3. The petitioners have an adequate remedy at law in the suits involving the same issue, wherein the petitioner actually participated and defended the action. The defendants are entitled to have their suit as plaintiffs determined, and have all issues of fact tried in one single action.

4. The petition shows that there is a sharp dispute of the facts, and the Court is not required to make a declaratory judgment where the facts are sharply disputed.

The issue to be determined is whether the trial judge acted in an arbitrary manner in refusing the declaration sought by Plaintiff in Error. In *Southern Fire & Cas. Co. v. Cooper,* 200 Tenn. 283, 292 S.W.2d 177 (1956) this court said:

It rests within the sound discretion of the Trial Court as to whether it will render a declaratory judgment. * * * That discretion is 'very wide', and the action of the Trial Court in refusing a declaration should not be disturbed by this, an Appellate, Court unless such refusal be arbitrary. 200 Tenn. 286, 292 S.W.2d 178.

Plaintiff in Error desires a declaration on who was driving this car at the time of the accident. This would be a question of fact. Determination of an issue of fact is authorized by T.C.A. 23-1108 and in regard to this statute in the case of *Newsum v. Interstate Realty Co.,* 152 Tenn. 302, 278 S.W. 56 (1925) this Court said:

A declaratory judgment is essentially one of construction. It is apparent from the history of the legislation providing for this procedure, as well as from the recitals of the Uniform Declaratory Judgments Act itself, that its primal purpose is the construction of definitely stated rights, status, and other legal relations, commonly expressed in written instruments, although not confined thereto, and, while determination of an issue of fact is authorized by section 9 of the act, the settlement of disputed facts at issue between the parties will ordinarily be relegated to the proper · jurisdictional forums otherwise provided. Recognizing that the courts have a very wide discretion under these acts, which should be exercised with the utmost caution, it has been said by good authority that ''a declaration may properly be refused if it can be made only after a judicial investigation of disputed facts.'' 152 Tenn. 305, 278 S.W. 56.

In the case of *Southern Railway Company v. Atlantic Coast Line Railroad Company,* 209 Tenn. 177, 352 S.W.2d 217 (1961) this Court said:

* * * it is perfectly obvious that this Court has reached the conclusion that where there is a disputed question of fact and the trial court exercises its discretion in either considering or not considering this Court has determined that this is a discretionary fact, and on appeal where the Chancellor has exercised the proper discretion this discretion will not be disturbed.

What is meant by saying that the trial court has exercised a proper discretion? We think that it means a sound discretion, exercised, not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances of the law, and directed by the

Chancellor's reason and conscience to a just result. 209 Tenn. 183, 352 S.W.2d 219.

In the case of *McFarland v. Crenshaw,* 160 Tenn. 170, 22 S.W.2d 229 (1929) this court said:

It is obviously contrary to the spirit and purpose of the Declaratory Judgments Law that a party should be delayed in the prosecution of an accrued cause of action until the termination of a proceeding brought for a declaratory judgment. 160 Tenn. 170, 22 S.W.2d 230.

We do not think, under the authority cited above, the trial judge acted arbitrarily in refusing to make a declaration on the issue of who was driving this car at the time of the accident.

It should be noted the trial judge, when he denied this petition for a declaratory judgment, had the advantage of having heard the proof in the case when it was tried on its merits resulting in a mistrial. Further such a proceeding would again delay the case. These facts we take into consideration in determining whether the trial judge has abused his discretion.

Judgment affirmed.