Allstate Insurance Company

*v.*

James E. Mahan, Lester D. Cohn and Helen S. Cohn.

448 S.W.2d 392

(*Knoxville,* September Term, 1969.)

Opinion filed December 15, 1969.

DUNCAN, BOWEN & BREAZEALE, Chattanooga, for appellant.

ATCHLEY, ATCHLEY & COX, Chattanooga, for James E. Mahan.

SHUMACKER & THOMPSON, Chattanooga, for Lester D. Cohn and Helen S. Cohn.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This is an appeal from a suit for a declaratory judgment, filed pursuant to T.C.A. sec. 23-1101 et seq., dismissed by the chancellor upon his own motion.

On April 18, 1967, appellant Allstate Insurance Company, herein referred to as "Allstate" issued an automobile liability policy to James E. Mahan, herein referred to as "insured." On April 18, 1968, while said policy was in force, insured was involved in a collision resulting in tort actions being brought against insured in the Circuit

Court of Hamilton County, Tennessee by Lester D. Cohn and wife, Helen S. Cohn.

On April 8, 1969, Allstate filed the cause sub judice as a declaratory judgment action alleging, in addition to the facts stated in the paragraph above, the following:

That in the Circuit Court action against insured, Allstate, as required by the terms of the policy, entered an appearance for insured filing pleadings responsive to the declaration; that after this appearance in the Circuit Court, Allstate, for the first time, learned insured, in his application to obtain this insurance policy, had made material misrepresentations which would void the policy ab initio; that Allstate would be put to great expense defending the suits in the Circuit Court; that the rights of the parties under this contract of insurance be declared, and an injunction issue staying the suits in the Circuit Court until such rights be determined.

On April 15, 1969, counsel for insured filed a motion for additional time to answer. No other pleadings were filed and on May 2, 1969, the chancellor entered the following order:

Complainant insurer admits having made defense to the tort actions and subsequently learned that it had grounds for attempting to have the policy declared void ab initio. The original bill does not present a justiciable issue, but presents a matter that calls for an independent action. The investigation that revealed the basis for avoiding liability could have been made prior to entering an appearance for the defendant in the Circuit Court cases. Notwithstanding that appearance, complainant has a right to deny liability and put its insured on notice that it will not proceed

further, or it has a right to proceed in the tort actions under a disclaimer.

This Court is of the opinion that the action is not a proper one for a declaratory judgment, and the suit is dismissed, with the right in complainant to take and perfect an appeal within thirty days.

Allstate admits the entertainment or refusal to entertain a declaratory judgment suit is within the discretion of the chancellor. Its appeal is founded on the allegation the chancellor in his dismissal of this suit acted arbitrarily.

At the threshold it should be noted that if the chancellor found the bill without merit he had authority to dismiss same on his own motion. *Frazier v. Lindsey,* 162 Tenn. 228, 36 S.W. 2d 436 (1931). This Court has stated it is obviously contrary to the spirit and purpose of our declaratory judgment statutes that a party be delayed in the prosecution of an accrued cause of action until the termination of proceedings brought for a declaratory judgment. *McFarland v. Crenshaw,* 160 Tenn. 170, 22 S.W.2d 229 (1929); *Southern Fire and Casualty Co. v. Cooper,* 200 Tenn. 283, 292 S.W.2d 177 (1956); *Standard Accident Ins. Co. v. Carvin,* 217 Tenn. 662, 400 S.W.2d 235 (1965). We think this statement is particularly applicable to a situation where the party seeking the declaratory judgment and the stay of accrued action would not be prejudiced by allowing the accrued action to proceed to final judgment; and more especially so when the final judgment in the accrued action may in fact make the question raised in the declaratory judgment action moot. Under such circumstances it is within the discretion of the trial judge whether he will or not entertain a declaratory judgment action.

■ In the case at bar if the declaratory judgment action proceeds to final judgment the tort actions in the Circuit Court will be stayed. This was the sole purpose of the injunction requested. Allstate, by appropriate action, can continue to defend its insured in the tort actions to final judgment without prejudice to any rights it may have as to the claimed misrepresentations made by insured. *Hardware Mutual Casualty Co. v. Higgason,* 175 Tenn. 357, 134 S.W.2d 169 (1939); *Southern Fire and Casualty Co. v. Cooper,* supra. Then if the judgment in the tort actions be in favor of the insured-defendant, the questions raised in the declaratory judgment action would be moot with the exception of expenses incurred by Allstate in defending the tort actions.

We think the holding of this Court in the case of *Southern Fire and Casualty Co. v. Cooper,* supra, is pertinent to the issues made in the case at bar. In the *Cooper* case, involving an insurance policy similar to the one in the case at bar, the insurance company filed an action for declaratory judgment against its insured and others alleging the insured automobile had been involved in an accident resulting in tort actions being instituted against its insured. The insurance company further alleged certain acts on the part of its insured in effect voiding the policy, which acts are similar to the allegations in the case at bar. The insurance company prayed in view of the action of its insured that the Court declare whether it was obligated, as required by the terms of its policy, to defend the tort actions. This Court held, in view of the fact the insurance company by appropriate action could protect its interest without a declaration of its right prior to the trial of the tort actions, the refusal of the trial judge to entertain the action for declaratory judgment was not arbitrary.

█ Allstate in its brief makes the following statement:

If the complainant (Allstate) proceeded to trial and lost, then it would incur two sets of trial costs and attorneys' fees—one for the trial at law and the second for the certain subsequent action on the policy. Thus, without a declaration of its rights at the present time, it is "caught between the devil and the deep blue sea." The question of liability for any judgment may be hypothetical at this time but not the question of whether or not it should expend the time, effort and expense in defending the suit at law.

The gist of this argument is that if Allstate's obligations under its insurance contract are not determined prior to the trial of the tort actions, then Allstate will have to incur extra legal expense which, by a subsequent action, it may be shown to have been unnecessary. We agree this could be true but it is also true Allstate can stand on its claimed misrepresentations voiding the policy and take no part in the tort actions which, of course, is a judgment Allstate will have to make.

We have not been cited, nor have we found, any case on the issue of whether the refusal by the trial judge to entertain a declaratory judgment action was arbitrary when its refusal could cause the party seeking the declaratory judgment to expend extra legal expenses which may later prove to be unnecessary. We are of the opinion, and so hold, that refusal to entertain the declaratory judgment action under these circumstances is within the discretion of the trial judge.

The chancellor from the facts appearing on the face of the bill acted within his discretion in dismissing the bill. The judgment is affirmed.

CRESON and McCANLESS, JUSTICES, and JENKINS and BOZEMAN, SPECIAL JUSTICES, concur.