**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION**

FILED

**July 25, 1997**

Cecil Crowson, Jr.
**Appellate Court Clerk**

| | |
|---|---|
| NATIONAL BOOK WAREHOUSE, INC., | ) C/A NO. 03A01-9702-CH-00057 |
| | ) |
| | ) KNOX CHANCERY |
| Plaintiff-Appellant, | ) |
| | ) HON. FREDERICK D. McDONALD, |
| v. | ) CHANCELLOR |
| | ) |
| BOOK-MART OF FLORIDA, INC., | ) AFFIRMED |
| | ) AND |
| Defendant-Appellee. | ) REMANDED |

F. DULIN KELLY and CLINTON L. KELLY, Hendersonville, for Plaintiff-Appellant.

JOHN B. WATERS, III, LONG, RAGSDALE & WATERS, P.C., Knoxville, for Defendant-Appellee.

**O P I N I O N**

Franks. J.

In this declaratory judgment action, the plaintiff sought a declaration of the respective rights of the parties under an agreement entered between plaintiff and defendant, both of whom are engaged in the retail sale of books and related products.

This action focuses on a provision in their agreement as follows:

Book Warehouse grants to Book-Mart a thirty day right of first refusal with respect to any new location in Florida chosen for a "Book Warehouse." That is, should Book Warehouse elect to establish, as is contemplated, other "Book Warehouse" retail facilities throughout the State of Florida, Book-Mart will be, and is hereby, granted exclusive right to assume operation of such "Book Warehouse" retail facilities by notifying Book Warehouse of its election to do so within thirty days of receipt of written notice by Bookmart from Book Warehouse of the intent to establish such a facility. No such notice shall be provided without including in said notice a specific proposal with respect to

location and other pertinent aspects of the proposed operation in question. Should Book-Mart elect to operate any such facility offered to it by Book Warehouse, Book-Mart shall, in addition to all other rights, be entitled to use the name "Book Warehouse" in operating said facility.

The Chancellor, in declaring the rights of the parties, said in pertinent part:

> [i]n all but one case, National Book Warehouse had executed a lease on a book store location, which was given to or shown to Book-Mart of Florida so that notice could be given of exercise of right of first refusal, that will continue.
>
> In order to establish within the meaning of the agreement that National Book Warehouse has elected to establish a retail facility in Florida under the agreement it must enter into an agreement with the landlord. And that agreement, that lease, must be sent to Book-Mart of Florida, an accurate and complete copy of it containing all terms, including signatures, together with any and all other documents and information available to National Book Warehouse with respect to that lease. It should be a covered letter of some form of communication that indicates that this complete information is being given to Book-Mart of Florida. When that is done, that will constitute notice and the transmission should indicate that that is intended to be notice under the agreement. And from that communication, with all of that information, Book-Mart of Florida shall have 30 days within which to exercise its' right of first refusal.

Essentially, the Chancellor required the parties to operate under the terms of the agreement as they had until disputes and litigation erupted between them.

The evidence established that plaintiff would, in fact, negotiate and execute a lease before it could require the defendant to exercise its right of first refusal under the agreement, and would then furnish all of the information, including "economic information necessary to make a decision" to defendant. The Chancellor relied heavily upon this evidence in declaring the rights of the parties, but plaintiff insists that the agreement is not ambiguous, and the Chancellor, in effect, applied rules of construction when no construction of the agreement was necessary.

We observed at the outset that plaintiff's action was based on a letter written to defendant on June 15, 1995, attaching several "notice of intent to establish a Florida facility". Essentially, these notices contained an address, a leasing agent, and

2

the approximate size of the facility. Defendant, in response, asked for more information which was not furnished. Plaintiff's witness conceded in his testimony that while they had an interest in opening stores in these locations, with the one exception no-one had actually visited the premises nor had they "elected" to open the facilities. The Chancellor held that these notices were not sufficient to trigger the running of the time for exercising a right of first refusal under the terms of the agreement. We agree. These notices and the failure to respond to defendant's inquiry were not made in good faith on the part of plaintiff, and the Chancellor could have properly refused to entertain this action. However, under the broad discretion accorded the trial judge, it was within his discretion to declare the rights of the parties. *See Southern Fire & Casualty Company v. Cooper*, 200 Tenn. 283, 292 S.W.2d 177 (1956).

We cannot agree with plaintiff that the Chancellor could not take into account the surrounding circumstances of the parties and their previous interpretations of the agreement in arriving at his judgment. The relationship with the parties at best was complex and now acrimonious. We believe the rule of practical construction is applicable here.

The Supreme Court in *Hamblen County v. City of Morristown*, 656 S.W.2d 331 (Tenn. 1983), in discussing the rule said:

> That rule, long recognized and applied in this jurisdiction, is that the interpretation placed upon a contract by the parties thereto, as shown by their acts, will be adopted by the court and that to this end not only the acts but the declarations of the parties may be considered. (Citations omitted).
>
> The rule is stated in Section 235 of the Restatement of Contracts as follows:
>
> > "If the conduct of the parties subsequent to a manifestation of intention indicates that all of the parties placed a particular interpretation upon it, that meaning is adopted if a reasonable person could attach it to the manifestation."

3

*Id.* at 335.

Also applicable here is a principle which the Supreme Court aptly stated, as follows:

> "The court in interpreting words or other acts of the parties puts itself in the position which they occupied at the time the contract was made. In applying the appropriate standard of interpretation even to an agreement that on its face is free from ambiguity, it is permissible to consider the situation of the parties and the accompanying circumstances at the time it was entered into - not for the purpose of modifying or enlarging or curtailing its terms, but to aid in determining the meaning to be given to the agreement." *Restatement of Contracts,* §235(d) and Comment."

Particularly pertinent here is the following principle:

> "Intention or meaning in a contract may be manifested or conveyed either expressly or impliedly, and it is fundamental that that which is plainly or necessarily implied in the language of a contract is as much a part of it as that which is expressed. If it can be plainly seen from all the provisions of the instrument taken together that the obligation in question was within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the obligation and enforce it." 17 Am.Jur.2d *Contracts* §255 (1964) at 649.

*Id.* at 334.

The Chancellor properly implied the obligations necessary to carry out the agreement.

We affirm the Chancellor's decision.

Next, plaintiff insists that it was inappropriate for the Chancellor to award attorney's fees to defendant on the basis that the defendant did not find a breach of the agreement by the plaintiff, and only declaratory relief was sought.

The contractual agreement between the parties provides, in pertinent part:

> in any litigation arising out of the breach of this agreement, or seeking to enforce it, the prevailing party shall, in addition to all other legal, equitable and injunctive remedies, be entitled to all reasonable litigation expenses, including reasonable attorney's fees.

We note that defendant throughout objected to the maintenance of this action and was required to defend its rights under the contract. The notices sent by plaintiff did not comply with the requirements of the agreement, and the Trial Court held the notices

4

were inadequate to trigger the right of first refusal.  Under the terms of the agreement, the Trial Court properly awarded attorney's fees to defendant.

We affirm the judgment of the Trial Court and remand at appellant's cost.


_____
Herschel P. Franks, J.


CONCUR:




_____
Houston M. Goddard, P.J.




_____
Charles D. Susano, Jr., J.