**Donald KINSER, Appellant,**

v.

**TOWN OF OLIVER SPRINGS,**
**Tennessee, Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Feb. 10, 1994.

Application for Permission to Appeal
Denied by Supreme Court
July 11, 1994.

**682**

Charles B. Hill, II, Kingston, for appellant.

John C. Duffy, Watson, Hollow and Reeves, Knoxville, for appellee.

## OPINION

FRANKS, Judge.

■ Plaintiff who was discharged as a police officer for the City of Oliver Springs, insists that a called meeting of the Oliver Springs City Council to hear his appeal did not comply with the requirements of T.C.A. § 8–44–101, *et seq.* the Open Meetings Act.

Specifically he insists the council did not give notice as required by T.C.A. § 8–44–103(b) which provides:

> "**Notice of Special Meetings.** Any such governmental body which holds a meeting not previously scheduled by statute, ordinance, or resolution, or for which notice is not already provided by law, shall give adequate public notice of such meeting."

The Trial Judge held the notice given was adequate under the statute. The City Administrator prepared the notice of the called meeting, which was signed by the Mayor. The Administrator testified that he placed the notice inside City Hall "where everybody pays their water bill" and over the entrance to the police department and council room "where people come in to pay their tickets ... into the police department." The Police Chief testified that it was "our policy" to post such notices on the bulletin board at the post office, and he testified "I am pretty sure I did".

■ The Supreme Court considered the phrase "adequate public notice" as contained in the statute in *Memphis Publishing Co. v. City of Memphis,* 513 S.W.2d 511, (Tenn. 1974), and observed:

> "We think it is impossible to formulate a general rule in regard to what the phrase 'adequate public notice' means. However ... adequate public notice means adequate public notice under the circumstances, or such notice based on the totality of the circumstances as would fairly inform the public."

As the *Memphis Publishing Co.* case recognizes the circumstances of each case must be taken into account to determine the adequacy of notice. In this case, the Chancellor concluded since this was a personnel matter involving one individual, the notice was adequate. We agree.

The evidence does not preponderate against this finding. T.R.A.P. Rule 13(d). Accordingly, we affirm the judgment of the Trial Court and remand at appellant's cost.

CLIFFORD E. SANDERS, Senior Judge, and McMURRAY, J., concur.