Cox *v.* Building & Loan Association.

(*Knoxville.* November 12, 1898.)

1. DEED. *Defective certificate of acknowledgment of married woman.*

The certificate of a married woman's acknowledgment of a deed which substitutes for the statutory words " without compulsion or constraint from her husband and for the purposes therein ·expressed," the words "she executed said mortgage freely, voluntarily, and understandingly, and without fear or compulsion from any person," is invalid, and her deed void. *Post, p. 491.*)

Cases cited: Ellett *v.* Richardson, 9 Bax., 293; Henderson *v.* Rice, 1 Cold., 223.

2. MARRIED WOMAN. *Must restore money received upon an invalid mortgage.*

A married woman cannot disaffirm her conveyance, and have it set aside, upon the ground that the certificate of her acknowledgment is defective and invalid, except on condition that she restore the money received by her and applied to her use, with legal interest thereon, and the same constitutes a lien on the land conveyed by her. (*Post, pp. 491, 492.*)

Cases cited: Bang *v.* Windmill Co., 96 Tenn., 367; Sporer *v.* Eifler, 1 Heis., 636; Aiken *v.* Suttle, 4 Lea, 103; Mette *v.* Dow, 9 Lea, 101; Federlich *v.* Glass, 13 Lea, 488; Sautelle *v.* Carlisle, 13 Lea, 391; Pitcher *v.* Smith, 2 Head, 208.

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

CARR & REEVES for Sinclair and Wife.

J. B. Cox for Cox.

GREEN & SHIELDS for Building & Loan Ass'n.

WILKES, J.   Sinclair and wife borrowed $1,200 from the defendant association, which was received by the wife and applied principally to pay off a vendor's lien upon real estate, the title to which was in her.   They executed a mortgage upon the same lot to the defendant association, to secure the amount borrowed.   In this instrument Mrs. Sinclair acknowledged the receipt by her of the amount borrowed.   The acknowledgment of the married woman to this mortgage ·was defective in that it omitted from the certificate the words "without compulsion or constraint from her husband and for the purposes therein expressed."   The words actually used in the certificate are that "she executed said mortgage freely, voluntarily, and understandingly, and without fear or compulsion from any person."

We are of opinion the words used are not equivalent to those prescribed by statute, and constitute a fatal variance with those prescribed by the statute.   And the instrument is, therefore, void as to the married woman.   *Ellett* v. *Richardson*, 9 Bax., 293; *Henderson* v. *Rice*, 1 Cold., 223.   However, having received the loan of $1,200 upon this defective instrument, she cannot disaffirm the conveyance and have it set aside, as she seeks to do,

except on condition that she restore the money received by her and legal interest thereon, and it will constitute a lien upon the land. *Bang* v. *Windmill Co.*, 12 Pickle, 367; *Sporer* v. *Eifler*, 1 Heis., 636; *Aiken* v. *Suttle*, 4 Lea, 103; *Mette* v. *Dow*, 9 Lea, 101; *Federlicht* v. *Glass*, 13 Lea, 488; *Sautelle* v. *Carlisle*, 13 Lea, 391; *Pitcher* v. *Smith*, 2 Head, 208.

This is decisive of the case, and reaches the same result as was reached by the Court of Chancery Appeals, but by a different route. That Court found that Sinclair and wife, after they made the mortgage to the association, sold the land to Cox and wife, they paying to Sinclair and wife $200 in cash and also to pay the legal liens on the property.

The Court of Chancery Appeals found, further, that, when Cox and wife bought the land and took the conveyance, they did it with the intention of contesting the association's right to enforce its mortgage, and thus obtain the lot free of any claim of the association, and this was such a fraud as would have vitiated the deed of Sinclair and wife to Cox and wife if it had been availed of as soon as discovered, but that Sinclair and wife lost their right to disaffirm this deed to Cox and wife by their laches in setting up the fraud. In the meantime, under some sort of an arrangement, Cox and wife adjusted their differences, and the association bought back the lot from Cox and wife and took a convey-

Cox v. Building and Loan Association.

ance of the interest of Cox and wife in it. That Court finds, further, that the counsel for the association had agreed that Mrs. Sinclair might redeem the property by paying its debt upon it with interest, and it was held to this agreement, and it was so decreed by that Court, and four months' time was given for the redemption. Thus the matter, under their decree, stands, as to its results, in very much the same attitude as under the holding of this Court.

Sinclair and wife will have four months to redeem the property from this date, by the payment of the $1,200 and interest, and, if not so paid and redeemed, the Clerk of the Court below will sell the lot upon a credit of six months, and free from any right to redeem, and the proceeds, after payment of costs and expenses, will be applied to the debt of the association, and any balance will be paid to Mrs. Sinclair, and the cause will be remanded for this purpose. The costs of the cause will be borne, three-fourths by the association and one-fourth by Sinclair and wife, and, if not sooner or otherwise paid, will be reserved out of the proceeds of sale as to the association's share, and out of the surplus as to Mrs. Sinclair's, but this is not to prevent any earlier collection by the usual process of execution. We do not find it necessary to pass upon the different matters adjudicated by the Court of Chancery Appeals further than as herein indicated.

It may be objected that there is no finding of

the Court of Chancery Appeals that Mrs. Sinclair received the $1,200 loaned money. This is not, under the record, a disputed fact. It appears in the note and mortgage executed by her, and in her answer and cross bill filed in this cause. It is not necessary, therefore, to remand the cause for proof on this point.