Darrell BOHLINGER; Hazel Mahone and all other members of that class of persons who have borrowed money from the named defendants and members of the defendant class pursuant to the Industrial Loan and Thrift Companies Act of Tennessee, Plaintiffs-Appellants,

v.

AMERICAN CREDIT COMPANY, Cumberland Capital Corporation; Home Credit Company of Tennessee, Inc.; Blazer Financial Services, Inc.; Domestic Loan & Thrift Company; Landmark Finance Corporation of Tennessee; and all other persons, associations and corporations loaning money within the State of Tennessee pursuant to the provisions of the Industrial Loan and Thrift Companies Act of Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Oct. 16, 1979.

Permission to Appeal Denied by Supreme Court Feb. 19, 1980.

David T. Black and Rom Meares, Maryville, for plaintiffs-appellants.

Bernard E. Bernstein, Stephen C. Daves, William C. Skaggs, John A. Walker, Knoxville, George C. Paine, II, Valerius Sanford, Nashville and William B. Felknor, Maryville, for defendants-appellees.

## OPINION

FRANKS, Judge.

The day following the Supreme Court's initial decision in *Cumberland Capital Corp. v. Patty*, 556 S.W.2d 516 (Tenn.1977), plaintiffs filed this suit alleging that defendants "consistently charge interest at a common rate and by a common method authorized by the Industrial Loan and Thrift Companies Act. The method so prescribed was held unconstitutional by the Supreme Court. . . ." Plaintiffs sought certification as a class action as to plaintiffs and defendants, the issuance of a restraining order, the recovery of interest paid in excess of 10 per cent per annum, and an abatement of all interest to be paid in excess of 10 per cent per annum.

On October 11, 1977, the Supreme Court granted a petition to rehear *Patty, supra,* and held that its prior decision of August 22nd would be given prospective effect only as "to all present or future litigants, except in those cases where the lender did not comply with the Industrial Loan and Thrift Act." *Id.,* at 542.

Plaintiffs then amended their complaint, alleging that the prospective application of *Patty* denied plaintiffs' class due process of law and equal protection of law, in violation of the Tennessee and United States Constitutions. The amended complaint further averred that defendants had not strictly complied with the Industrial Loan and Thrift Act, thus entitling plaintiffs' class to monetary relief under the retrospective application of *Patty.*

Motions to dismiss were filed on behalf of defendants and among the grounds asserted was that a case styled *Robinson v. Cumberland Capital Corporation* had previously been filed on November 21, 1975, in the Circuit Court of Blount County, seeking certification of class action status as to both plaintiffs and defendants. The trial court in that case had ordered the case to proceed as a class action but, on October 6, 1977, this Court entered an order superseding the orders of the circuit court, stating that "these suits can not properly be maintained as a class action."

On November 8, 1978, the trial judge, pursuant to the motions filed by defendants, dismissed this case on the following basis:

There is pending in this Court a case, *Robinson v. Cumberland Capital Corp., et al,* which is for all intents and purposes identical to this case. The Court of Appeals has ruled in the *Robinson* case that such a suit as this cannot be maintained as a class action. The relief sought in *Robinson* overlaps and encompasses to a great extent the same relief sought in this case; the same class of persons are involved in each of these cases.

This Court has ruled in the *Robinson* case:

In the light of the decision of the Supreme Court in *Cumberland Capital Corporation v. Patty* filed on August 22, 1977, and as we interpret and construe Rule 23, et seq. of Tennessee Rules of Civil Procedure, these suits can not properly be maintained as a class action. Undoubtedly, the thousands of claims based on individual loan contracts of the thousands of plaintiffs against the hundreds of defendants present questions of law and fact not common to all the parties and will present questions affecting individual plaintiffs and defendants in different ways.[1]

The issue raised on appeal is:

The Trial Court erred in dismissing the complaint in this cause without any hearing or opportunity of the Plaintiffs to be heard denying to them due process of law and equal protection of the law in violation of the Tennessee Constitution Article 1 Sections 8 and 17 and in violation of the 14th Amendment of the United States Constitution.

The basic thrust of this issue is that the trial judge denied the plaintiffs due process of law in dismissing the cause without an evidentiary hearing.

At the outset, we note that the complaint, as amended, focuses exclusively on the claims of the plaintiffs as a class against the defendants as a class.

Plaintiffs were made aware as early as September 25, 1977, by a motion filed by Cumberland Capital Corp., that defendants were relying upon this Court's ruling in the *Robinson* case as a basis to deny class action status to plaintiffs' suit. If a factual basis existed to distinguish this case from the *Robinson* case, plaintiffs had the opportunity to establish those facts in the record by affidavits or otherwise as the case was pending more than a year prior to dismissal.

■ A party invoking T.R.C.P., Rule 23, has the burden of showing all the prerequisites to utilize the class action procedure have been satisfied and the determination by the trial judge on this issue will not be disturbed unless there was an abuse of discretion. *Smith v. Merchants & Farmers Bank of West Helena*, 574 F.2d 982 (8th Cir. 1978); *Demarco v. Edens*, 390 F.2d 836 (2nd Cir. 1968).

■ There being no factual dispute as to the applicability of this Court's holding in the *Robinson* case to this cause, it was proper for the trial court to deny class action status to either plaintiffs or defendants. However, plaintiffs further argue they were denied a hearing on the merits of their individual claims. As noted *supra*, the complaint, as amended, is couched in terms of a class action as to both plaintiffs and defendants. Where the trial court has concluded that class action status is improper, Wright & Miller, in *Federal Practice and Procedure*, suggest the procedure to be followed:

If the action fails to meet one or more of the subdivisions (a) [T.R.C.P., 23.01] prerequisites, it may be dismissed under Rule 23(c)(1) [T.R.C.P., 23.03]. However, the court may decide to allow the litigation to go forward as an individual action by issuing an order under Rule 23(d)(4) [T.R.C.P., 23.04] amending the complaint to strike the references to the class action and the representation of absent persons. Conversely, when plaintiff names a defendant class that fails to satisfy one of the Rule 23(a) [T.R.C.P., 23.01, .02] prerequisites, the court may employ the same procedure and continue the action as if it had been brought against the individual defendants. [vol. 7, § 1759, p. 574.]

■ Denial of class action status does not establish a basis to dismiss the named plaintiffs' individual claims against named defendants. *Lumbermens Mutual Casualty Company v. Rhodes*, 403 F.2d 2 (10th Cir. 1968), page 5, states:

[E]ven though a class action does not meet the requirements of Rule 23, it is not subject to dismissal if it also states a claim for relief against the defendant or defendants named individually. *See* Bar-

---

1. The Supreme Court denied a petition for certiorari filed on this ruling on January 16, 1978.

ron & Holtzoff, *Federal Practice and Procedure*, § 571; *Montgomery Ward & Co. v. Langer*, 8 Cir., 168 F.2d 182.

*Accord*: Wright & Miller, *Federal Practice and Procedure*, vol. 7a, § 1795, p. 218; *Intern. Woodworkers, etc. v. Georgia-Pacific Corp.*, 568 F.2d 64 (8th Cir. 1977); *Mead v. Parker*, 464 F.2d 1108 (9th Cir. 1972); *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964); *Traylor v. Marine Corporation*, D.C. Wis., 328 F.Supp. 382 (1971).

■ Defendants insist that plaintiffs' complaint, as amended, does not state a cause of action as to plaintiffs' individual claims. The trial judge predicated the suit's dismissal upon his determination as to class action status but if he reached the correct result for the wrong reason, we must affirm the judgment on appeal. *Adams v. Underwood*, 225 Tenn. 428, 470 S.W.2d 180 (1971); *Cherokee Ins. Co. v. U. S. Fire Ins. Co.*, 559 S.W.2d 337 (Tenn.App. 1977). We are, therefore, required to determine if the complaint, as amended, states a claim for relief against any of the named defendants.

As noted, *supra*, plaintiffs attribute to all defendants a consistent and continuing violation of the provisions of the Industrial Loan and Thrift Act in that the named defendants have charged plaintiffs interest in excess of 10 per cent per annum. The specific relief sought, again stated generally as to all defendants, is the recovery of interest paid in excess of 10 per cent per annum and an abatement of all interest to be paid in excess of 10 per cent per annum.

The complaint, as amended, alleges no specific claim against any of the named defendants. That portion of the complaint seeking recovery of usurious interest paid is deficient in that it does not allege any payment of interest to any named defendant by either plaintiff. The complaint, as amended, does not contain a statement of a claim that the individual plaintiffs are entitled to recover the payment of usurious interest from any of the named defendants in accordance with Tennessee Rules of Civil Procedure, Rules 8.01, .05.

■ The record contains numerous instruments filed with the clerk of the trial court the day following the filing of the original complaint. Facially, the instruments appear to be copies of loan contracts between the plaintiffs and certain of the named defendants; no pleading makes any reference to these instruments. The filing of these instruments does not comport with the requirements of T.R.C.P., Rule 10.03, which provides, in part:

> Whenever a claim or defense is founded upon a written instrument . . . a copy of such instrument . . . shall be attached to the pleading as an exhibit unless the instrument is . . . in the possession of the adverse party and this fact is stated in the pleadings; . .

We conclude the instruments are not a part of the pleading for the purpose of determining what amounts of usurious interest plaintiffs have paid and to which defendant(s) any amounts were paid. The complaint must identify such documents in the record to give it status as a pleading. The amended complaint fails to state a claim on behalf of the individual plaintiff for the recovery of the payment of usurious interest.

■ The complaint also seeks equitable relief, but it does not appear from the complaint, as amended, whether plaintiffs have paid the principal amount of any loans plus the legal interest. Plaintiffs aver they are entitled to "the abatement and recovery of usury on all loans for which installment payments were due or paid from and after August 23, 1977 . . . ." However, the complaint fails to specify what amounts, if any, have been paid, by which plaintiffs and to whom the payments were made. Moreover, it is a rule of pleading that one seeking affirmative relief in a court of equity from a usurious contract must, as a condition thereof, do equity by tendering or paying the amount actually due. 45 Am. Jur.2d, *Interest and Usury*, § 272, page 208. This rule has long obtained in Tennessee. *Harrell v. Am. Home Mortgage Co.*, 162

Tenn. 371, 378, 36 S.W.2d 888 (1931); *Cox v. Building & Loan Association*, 101 Tenn. 490, 48 S.W. 226 (1898); *Bang v. Windmill Co.*, 96 Tenn. 361, 34 S.W. 516 (1896); *Sporrer v. Eifler et als.*, 48 Tenn. 633 (1870); *Causey v. Yates*, 27 Tenn. 605 (1848).

■ The complaint does not allege which defendants charged usurious rates of interest, to which plaintiffs, and whether plaintiffs have made payment or tender of any principal or legal interest due and owing, or are willing to do so. For the foregoing reasons, we conclude plaintiffs have failed to state any claims against the named defendants for which equitable relief may be granted and, accordingly, we affirm the judgment of dismissal entered by the trial court.

Costs incident to the appeal are assessed against plaintiffs-appellants.

PARROTT, P. J. (E.S.), and SANDERS, J., concur.

