Mayzell **ALBRITON** and husband, Frank Albriton, for themselves and all others similarly situated, Plaintiffs-Appellees,

v.

**HARTSVILLE GAS COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

April 26, 1983.

Application for Permission to Appeal Denied by Supreme Court Aug. 1, 1983.

Gary D. Copas, Copas & Hamilton, Lebanon, for plaintiffs-appellees.

Douglas Fisher, Mary Martin Schaffner, Howell & Fisher, Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

We granted this interlocutory appeal to determine if the Trial Court was correct in the certification of a plaintiff class in the instant case.

■ The trial court's determination to utilize class action procedure will not be disturbed absent an abuse of the court's discretion. *Bohlinger v. American Credit Co.,* 594 S.W.2d 710, 712 (Tenn.App.1979). We therefore review this case to determine if there was an abuse of discretion.

Plaintiffs Mayzell Albriton (Plaintiff) and husband, Frank Albriton, filed their complaint against defendant Hartsville Gas Company "for themselves and all others similarly situated." Plaintiff alleged that she and fifty-three of her fellow workers at the Texas Boot Company became ill "on August 21, 1978, and thereafter" as a result of inhaling gas which escaped from a leak in defendant gas company's service line outside of and leading to the boot factory.

The complaint filed on August 21, 1979, the day before the statute of limitations ran, alleges: "The class is so numerous that joinder of all members is impractical." Plaintiff's amended complaint states: "The number of said employees exceeds 50, and the class is therefore so numerous as to make joinder of all of said employees impractical."

At the certification hearing, plaintiff called one witness, Marie Hall, the personnel and insurance clerk at Texas Boot Company. Mrs. Hall testified that she prepared fifty-three worker's compensation reports on fifty-three employees for "illness"; that all fifty-three employees complained generally of the same symptoms and that these reports were prepared between August 21 and August 29, 1978.

■ The prerequisites of maintaining a class action suit in Tennessee are set forth in Tenn.R.Civ.P. 23.01 and are as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Each prerequisite must be satisfied. The burden is on the party invoking Rule 23 to show that each has been satisfied. *Bohlinger,* 594 S.W.2d at 712.

■ Defendant first insists that plaintiffs have failed to demonstrate that joinder is impracticable.

Plaintiffs have the burden of establishing the number of the members of the class and also that joinder is not practicable. *Cash v. Swifton Land Corp.,* 434 F.2d 569, 571 (6th Cir.1970).

■ When defendant denied the bald assertion in plaintiffs' complaint that "[t]he class is ... so numerous as to make joinder of all of said employees impractical," plaintiffs had the duty to "make a positive showing that [joinder] would be impracticable ...." *DeMarco v. Edens,* 390 F.2d 836, 845 (2nd Cir.1968); *Cash,* 434 F.2d at 571.

There is nothing in the record, other than plaintiffs' assertion in their complaint, to show that joinder is impracticable.

Mrs. Hall, the only witness called at the certification hearing, testified concerning the number of worker's compensation forms she completed and that each of the persons for whom she completed the forms had similar complaints. No evidence was offered concerning the impracticability of joinder.

Plaintiffs' allegation that the proposed class is composed of more than fifty employees is not sufficient in and of itself. Other factors enter into the determination of impracticability of joinder, including but not limited to the nature of the claim, the size of the individual claims, location of the members of the proposed class, and whether it would be impossible to obtain personal service over some members of the class. Wright and Miller, 7 *Federal Practice and Procedure* § 1762 at 600 (1972).

Practicability of joinder should not depend on mere numbers. The determination of practicability should depend upon all the circumstances surrounding the case. *DeMarco,* 390 F.2d at 845.

■ Plaintiffs have made no attempt to carry their burden of demonstrating the impracticability of joinder.

We have also considered each of defendant's remaining contentions and find them to be without merit. We are of the opinion that questions of fact and law are common to the proposed class and the claims of each of the members of the proposed class are typical. There was no contention that the representative parties would not or could not fairly and adequately protect the interest of the class.

There being no evidence in the record concerning the impracticability of joinder, the Trial Judge erred in certifying this cause as a class action. It therefore results that the judgment of the Trial Court is reversed with costs to plaintiffs and the cause remanded for the collection of costs and further necessary proceedings.

TODD, P.J. (M.S.) and CONNER, J., concur.