IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 13, 2018 Session

## GERALD LARGEN v. THE CITY OF HARRIMAN

Appeal from the Circuit Court for Roane County
No. 2014-CV-173     Michael S. Pemberton, Judge

No. E2017-01501-COA-R3-CV

This case involves a claim brought by a landowner challenging the validity of certain annexation ordinances that incorporated his property into the City of Harriman (the "City"). In December 2014, the landowner filed a declaratory judgment action against the City in the Roane County Circuit Court ("trial court"), alleging that several 1959 annexation ordinances passed by the City were void *ab initio* because a river adjacent to the City prevented land on the opposite side of the river from being contiguous with the City's original boundaries. The landowner alleged that as a result of the first annexation's purported invalidity, all subsequent annexations based on contiguity with the lands annexed in the 1959 ordinances were void by extension. The landowner sought a judgment voiding the challenged annexation ordinances, recovery of the real estate taxes he had paid to the City for his real property included in the annexed land, and a permanent injunction preventing the City from imposing any charges or taxes against him. The City responded with a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02, arguing that the landowner's sole remedy would have been an action in the nature of a *quo warranto* proceeding pursuant to Tennessee Code Annotated § 6-51-103 (2015). In the alternative, the City argued that dismissal was proper because the landowner had not joined necessary parties who would be affected by the judgment he sought. Determining that other landowners with title to real property inside the annexed areas in question were indispensable to the landowner's claim, the trial court denied the motion to dismiss and directed the landowner to join the necessary parties. The trial court also directed the landowner to amend his complaint to specify the challenged ordinances and affected properties. In November 2016, the landowner filed a motion for class action certification, which the trial court denied following a hearing. On March 10, 2017, the trial court dismissed the landowner's complaint, finding that the court lacked subject matter jurisdiction due to the non-joinder of indispensable parties. The landowner subsequently filed a "Motion to Set Aside Order," which the trial court denied. The landowner has appealed. Discerning no reversible error, we affirm.

1

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Gerald Largen, Kingston, Tennessee, Pro Se.

Michael S. Kelley, Knoxville, Tennessee, for the appellee, The City of Harriman.

**OPINION**

I.  Factual and Procedural Background

The plaintiff, Gerald Largen, a landowner and attorney residing in Roane County, initiated a complaint in the trial court on December 19, 2014, challenging the validity of four annexation ordinances that the City had passed in 1959. Mr. Largen essentially alleged in his complaint that (1) prior to 1959, the boundaries of the City had only extended Southwest "to the low water mark of the Emory River"; (2) in 1959, the City had passed four ordinances annexing land on the other side of the Emory River under the provisions of what was then Tennessee Code Annotated § 6-51-102(a);[1] (3) due to the presence of the Emory River, no land on the Southwest side of the river could have been validly annexed under § 6-51-102, which required adjacency of territorial boundaries; and (4) the 1959 annexation ordinances and all subsequent ordinances annexing land across the Emory River were void *ab initio*.

---

[1] The statutory subsection that Mr. Largen cited in his complaint was deleted by the General Assembly effective May 16, 2015. *See* 2014 Tenn. Pub. Acts, Ch. 707, § 2 (S.B. 2464). The following subsection of Tennessee Code Annotated § 6-51-102 would have been in effect when the ordinances at issue were adopted by the City:

> (a)(1) A municipality, when petitioned by a majority of the residents and property owners of the affected territory, or upon its own initiative when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property endangered, after notice and public hearing, by ordinance, may extend its corporate limits by annexation of such territory adjoining its existing boundaries as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as the municipality as a whole . . . .

*See Vollmer v. City of Memphis*, 730 S.W.2d 619, 620 (Tenn. 1987).

2

Mr. Largen stated in his complaint that "[a]t the time of, and prior to, the two attempted annexations" he "owned various parcels of land" that were brought into the City's boundaries as a result of an allegedly void annexation that was subsequent to the 1959 ordinances. Mr. Largen also alleged:

> There are, needless to say, untold numbers of other property owners who are in similar situations with this plaintiff, and it may well develop as preparations are made to try this cause that it would be best were they to be made parties to this action . . . .

Mr. Largen requested a declaratory judgment that the 1959 annexation ordinances, and all subsequent annexations on the Southern and Western sides of the Emory River by extension, were void. Mr. Largen requested reimbursement of any real property taxes he had paid to the City based on his properties that were included in the allegedly void annexations. Finally, Mr. Largen requested a permanent injunction preventing the City from taxing or imposing fines on his real property in the future.

On January 28, 2015, the City filed a motion to dismiss, arguing that dismissal was proper pursuant to Tennessee Rule of Civil Procedure 12.02(1) (lack of subject matter jurisdiction), (6) (failure to state a claim upon which relief can be granted), and (7) (failure to join an indispensable party under Tennessee Rule of Civil Procedure 19). The City argued that dismissal was proper under Rule 12.02(1) because the trial court lacked subject matter jurisdiction under the Declaratory Judgments Act due to the nonjoinder of parties "who have or claim any interest which would be affected by the declaration . . . ." *See* Tenn. Code Ann. § 29-14-107(a) (2012). The City argued in the alternative that dismissal under Rule 12.02(6), for failure to state a claim upon which relief can be granted, was proper because Mr. Largen's sole remedy for challenging the validity of the annexation ordinances would have been a timely action in the nature of a *quo warranto* proceeding pursuant to Tennessee Code Annotated § 6-51-103 at the time the City annexed his property. Specifically, the City stated that numerous other individuals owned real property within the boundaries of the challenged annexations and thereby possessed a necessary interest in the outcome of the litigation. The City argued that dismissal was proper under Rule 12.02(7) for reasons similar to those supporting its argument under Rule 12.02(1), noting that Mr. Largen's own complaint indicated the presence of "untold numbers of other property owners who are in similar situations" and who might be necessary parties to the action.

On February 11, 2015, Mr. Largen filed a motion to strike the City's motion to dismiss, alleging that the City's counsel had no authority to represent the City. On March 16, 2015, Mr. Largen filed the first amendment to his complaint, specifying that he could not have sought relief via a *quo warranto* proceeding when the allegedly invalid 1959

ordinances were passed because he did not own land in the annexed areas at the time. Mr. Largen also added an allegation that the City had "failed to provide any services whatsoever" to his annexed properties.

On March 31, 2015, the trial court conducted a hearing on the City's motion to dismiss. A transcript of this hearing has not been included in the record on appeal, but the trial court referenced the proceedings in a subsequent order, entered April 11, 2015, stating that it had decided at the close of the March 31, 2015 hearing that "several additional items needed to be addressed in the parties' pleadings" before it could rule on the motion to dismiss. The trial court thereby instructed Mr. Largen to join the other affected landowners as parties and to specify which properties were actually affected by the challenged annexation ordinances. The trial court also instructed the City to provide copies of the challenged annexation ordinances to the court. On April 22, 2015, the trial court entered an order denying Mr. Largen's motion to strike.

Apparently due to a clerical error, the trial court did not initially enter an order with its instructions to the parties from the hearing conducted on March 31, 2015. The litigation remained inactive until April 11, 2016, when Mr. Largen filed a motion for judicial recusal, alleging undue delay as the basis for the motion. On the same day, the trial court entered an order requiring supplementation of the pleadings as per its instructions at the close of the hearing on March 31, 2015.[2]

Following entry of the April 11, 2016 order, Mr. Largen filed a second amendment to his complaint on April 29, 2016. In this amended complaint, Mr. Largen described in some detail the properties he owned that may have been part of the annexed areas in question. Mr. Largen also specified that the allegedly invalid ordinances comprised Annexation Ordinance 650, which in scope crossed the Emory River, and Annexation Ordinance 711, which was based on adjacency to land annexed under Ordinance 650 and purportedly included "some of [Mr. Largen's] property in whole or in part."[3]

On June 27, 2016, the City filed a second motion to dismiss in response to the amended complaint. The City repeated its arguments from the previous motion to dismiss and added as an affirmative defense that Mr. Largen's claim was time-barred by

---

[2] Under Tennessee Supreme Court Rule 10B § 1.02, "the judge whose disqualification is sought" in a pending motion for recusal "shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." Here, we note that the trial court set aside the April 11, 2016 order and then reinstated the order's provisions in a subsequent order after ruling on the recusal motion in accordance with Rule 10B § 1.02. *See generally Rodgers v. Sallee*, No. E2013-02067-COA-R3-CV, 2015 WL 636740 (Tenn. Ct. App. Feb. 13, 2015).

[3] The four annexation ordinances challenged in the original complaint were apparently incorporated by reference into Ordinance 650 in 1960.

a general ten-year statute of limitations.  *See* Tenn. Code Ann. § 28-3-110(a) (2017).  On July 8, 2016, the trial court entered an omnibus order that (1) set aside its April 11, 2016 order; (2) denied the motion for recusal; (3) reinstated the provisions of the April 11, 2016 order; and (4) denied the City's motion to dismiss.  The trial court also stated in the order that the delay cited in Mr. Largen's motion for recusal was due to a clerical error on its part and reiterated that it intended to "proceed forward with all due haste."

Addressing the City's argument that a *quo warranto* proceeding at the time of annexation was Mr. Largen's sole remedy, the trial court found that "the issue as it pertains to the posture of this motion is whether a *quo warranto* action was available to [Mr. Largen] at the time his property was annexed."  Further finding that "it is not possible to discern from either the [amended] complaint or the original complaint exactly when [Mr. Largen] came into ownership of the property or properties at issue," the trial court denied the motion to dismiss under Tennessee Rule of Civil Procedure 12.02(6).

The trial court also denied the City's motion to dismiss on the joinder issue.  The court concluded that, pursuant to Tennessee Code Annotated § 29-14-107(a) and Tennessee Rule of Civil Procedure 19.01, Mr. Largen would need to join "the remainder of the allegedly affected property owners" as necessary parties whose interests would be affected if he were to succeed in this action.  Instead of immediately dismissing the case for lack of subject matter jurisdiction, however, the court decided to "exercise its discretion and permit [Mr. Largen] sixty (60) days to join all necessary parties."  *See* Tenn. Code Ann. § 29-14-107(a) (2012) ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.").

Finally, within the omnibus order, the trial court directed the parties to supplement the pleadings as had been instituted in its previous order, stating in relevant part:

> A court should be very reticent about injecting itself into the manner in which parties elect to litigate their claims and defenses.  To do so would be tantamount to the court directing the parties as to how to try their lawsuit and could be viewed as impacting the impartiality of the court.  Nonetheless, in this very limited situation, the court will order the parties to specifically plead the following, as applicable:
>
> 1.  [Mr. Largen], in an Amended Complaint, shall set forth with specificity the property claimed to be at issue in this lawsuit, the date acquired and the manner in which the property was acquired;

2.     [Mr. Largen], in the form of an Amended Complaint, shall plead, which annexation ordinance actually annexed the property at issue as well as the dates of the four (4) annexation ordinances set forth in his pleadings to date; and

3.     The [City] shall plead and attach to its pleading not only the specific ordinance [Mr. Largen] complains of, but all four (4) of the ordinances that [Mr. Largen] references in the Amended Complaint required by this Order.

As required by the trial court's order, the City subsequently filed certified copies of the relevant ordinances of annexation.

On July 29, 2016, Mr. Largen filed his third amendment to the complaint, describing two parcels of land and citing the history of easements on those properties. On August 16, 2016, Mr. Largen filed a motion for entry of default judgment under the theory that the City had no pending motions and had not answered his complaint within thirty days of filing. On August 29, 2016, Mr. Largen filed a "Motion for Clarification, and or Modification" of the trial court's omnibus order. In his motion, Mr. Largen asserted that the trial court was unclear as to who constituted the necessary parties absent from the lawsuit and "without clarification, it is impossible to determine just what the Court has in mind." Mr. Largen also contended that "there is no real basis for bringing in new parties" because their presence or omission in the lawsuit would not affect the alleged facts or alter the outcome.

On September 26, 2016, the City filed its third motion to dismiss on the basis that sixty days had passed since the trial court's order requiring Mr. Largen to join the missing necessary parties. On October 28, 2016, Mr. Largen filed a "Motion for the Court to Take and Enter into the Record Judicial Notice of Certain Facts." The facts that Mr. Largen requested for judicial notice essentially outlined his original complaint: (1) "the existence of the location of the former city limits . . . as set out in the complaint"; (2) "the location of the Emory River in relation to said city limits"; (3) "said Emory River does not include people, private property, or commercial activity"; and (4) "without utilizing the Emory River, there is no point at which the old city limits join the area purportedly annexed." In an order subsequently entered on November 18, 2016, the trial court declined to rule on this motion while the question of subject matter jurisdiction was still unresolved.

On October 31, 2016, the trial court entered an order addressing Mr. Largen's motion for clarification, stating in pertinent part:

The court has reviewed [Mr. Largen's] motion and [the City's] response thereto and remains of the opinion that both *Tenn. Code Ann.* § 29-14-107 and *Huntsville Utility* [*Dist. of Scott Cty., Tenn. v. Gen. Trust Co.*, 839 S.W.2d 397 (Tenn. Ct. App. 1992), *perm. app. denied* (Tenn. May 26, 1992),] dictate that [Mr. Largen] take available steps to add as indispens[able] parties the other property owners who would certainly be affected by a declaration of this court as to the validity or invalidity of the defendant's various annexation ordinances over the last several decades. As this court has stated on several occasions, it is acutely aware of the burden such a ruling places on [Mr. Largen], particularly from the cost perspective. Further, due to the gravity of the issues before the court, as well as the time and expense involved in joinder of what would be hundreds, if not more than a thousand interested landowners and taxpayers, the court has stated that it would entertain a request for a *Tenn. R. App. P. 9* interlocutory appeal.

The trial court accordingly denied Mr. Largen's motion for clarification and his motion for default judgment. The trial court further denied the City's motion to dismiss on the basis that Mr. Largen "filed his motion for 'clarification' timely," allowing Mr. Largen thirty days from entry of the order to join the indispensable parties as previously directed.

On November 7, 2016, Mr. Largen filed a motion for class action certification. In support, he defined the class, using language from the trial court's October 31, 2016 order, as "what would be hundreds, if not more than a thousand interested landowners and taxpayers." Mr. Largen submitted that "the facts and circumstances of this case fall clearly within the parameters set out for Class Actions in Rule 23 of the Tennessee Rules of Civil Procedure." Following a hearing on the motion for class action certification, the trial court entered an order denying such certification on December 13, 2016.[4]

On December 16, 2016, the City filed its fourth motion to dismiss, again asserting that Mr. Largen had failed to join necessary parties as ordered by the trial court. On

---

[4] On appeal, the City has referred to this order as "dated December 12, 2016." The trial court judge signed and dated the order on December 12, 2016, and the trial court clerk's office executed a certificate of service to the parties on December 13, 2016. Although no date stamp indicating when the order was marked by the trial court clerk as filed for entry is legible on the copy of the order in the appellate record, the trial court referred to the date of entry as December 13, 2016, the date of service on the parties, in a subsequent order. We note that the specific day of entry in December 2016 for this interlocutory order does not affect any issues raised on appeal.

7

December 19, 2016, Mr. Largen filed his second motion for recusal.[5]  On January 11, 2017, the trial court conducted a hearing on Mr. Largen's second motion for recusal.  Mr. Largen failed to appear for this hearing.  On January 23, 2017, Mr. Largen filed a supplement to his second motion for recusal, arguing, *inter alia*, that any hearing on the motion would have been invalid.  According to Mr. Largen, the pending motion for recusal prevented the trial court from hearing oral arguments on the motion because the proceeding would be "further action on the case" in violation of Tennessee Supreme Court Rule 10B, § 1.02.

On January 27, 2017, the trial court entered an order denying Mr. Largen's second motion for recusal, incorporating a transcript of the January 11, 2017 hearing in which the court had addressed each of Mr. Largen's allegations.  On February 10, 2017, Mr. Largen filed a motion for summary judgment, attaching a separate statement of material facts in support of the motion.  The City filed a response, disputing the statement of material facts entirely.  Mr. Largen also filed an "Exception to the Order Denying His Motion to Recuse," arguing that the order denying the second motion for recusal "clearly demonstrat[ed] either a failure to understand the requirements of Supreme Court Rule 10B, or a willful and contemptuous disregard for the rule and its requirements."  We note that "[f]ormal exceptions to rulings or orders of the court are unnecessary."  Tenn. R. Civ. P. 46.  On February 17, 2017, the trial court entered a supplemental order denying the "renewed motion to recuse."[6]

Without further hearing, the trial court entered an order on March 10, 2017, granting the City's December 16, 2016 motion to dismiss.  The trial court specifically found in pertinent part:

> Before the court is [the City's] most recent Motion to Dismiss.  By Order dated July 11, 2016, the court determined that pursuant to *Huntsville Util. Dist. v. General Trust*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992)

---

[5] Mr. Largen filed this motion for recusal and an addendum, alleging nine total grounds as to why he believed recusal was proper.  Mr. Largen then filed another addendum to this motion on December 27, 2016, listing three more allegations of undue bias.  The trial court appropriately addressed each of Mr. Largen's allegations in its orders denying the motion, and none of Mr. Largen's motions for recusal are before this Court on appeal.  Consequently, it is not necessary to address the specific allegations of each motion here.

[6] The trial court's January 27, 2017 order and the incorporated transcript from the January 11, 2017 hearing addressed the first nine of Mr. Largen's allegations.  The court's February 17, 2017 order specifically addressed Mr. Largen's supplement to the motion for recusal that had already been orally denied on January 11, 2017.  As the trial court noted in its February 2017 order, "[t]he court previously ruled on the motion [for recusal]. . . . However, lest there be no question, the court will supplement its order . . . ."

and *Tenn. R. Civ. P.* 19, there existed indispens[able] parties necessary for the proper adjudication of the claims made by the plaintiff. As a result, the court found the case was not currently justiciable and that the court lacks subject matter jurisdiction. As a result, the court required [Mr. Largen] to join additional parties and granted sixty (60) days for [Mr. Largen] to do so.

In the interim between then and the date of this Order, [Mr. Largen] filed various motions related to the court-ordered joinder of parties. The court heard and denied those motions, but also stated that it viewed those motions as essentially tolling the sixty (60) day period of time during which [Mr. Largen] was required to join the parties. The last such motion was denied via Order entered December 13, 2016. Since that date, approximately ninety (90) days have elapsed and [Mr. Largen] has not sought to join the parties or otherwise attempt to comply with the court's order and [the City] has filed the Motion to Dismiss that is the subject of this Order.

On March 28, 2017, Mr. Largen filed a "Motion to Set Aside Order Granting Motion to Dismiss," which the trial court interpreted as a motion to alter or amend the judgment pursuant to Tennessee Rule of Civil Procedure 59.04. In the motion, Mr. Largen argued that dismissal of the case was improper because the trial court had not first addressed his pending motion for summary judgment. Mr. Largen also repeated his prior argument that there were no other necessary parties to the lawsuit, stating:

[T]he city's own map clearly shows that none of the annexed area touches, or is contiguous, with the existing city limits, therefore, as all the appellate opinions state, the annexation was void. Thus, the annexation being void, the land-owners are not, and never have been, land-owners within the city of Harriman, and thus have no legal right to assert any claims under the statute such as would render them indispensable parties to this action.

The trial court denied Mr. Largen's "Motion to Set Aside" in an order entered June 27, 2017, reasoning:

In the instant motion, [Mr. Largen] insists that the court was premature in granting [the City's] motion because his motion for summary judgment was pending. What [Mr. Largen] misapprehends is that the court has the power to hear and decide his motion. "[S]ubject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Jackson v. Tennessee Dept. of Correction*, 240 S.W.3d 241, 243 (Tenn. Ct. App. 2006). On July 8, 2016, the court ruled that [Mr. Largen]

9

must join indispens[able] parties in order for it to acquire subject matter jurisdiction. This court has given [Mr. Largen] more than ample time to bring in the indispens[able] parties. He has not done so. Without the joinder of the indispens[able] parties, this court is without subject matter jurisdiction and has no power to act, other than to dismiss the case.

Mr. Largen filed a notice of appeal from this judgment on July 26, 2017.

## II. Issues Presented

Mr. Largen presents two issues on appeal, which we have restated as follows:

1.      Whether the trial court erred by dismissing Mr. Largen's action upon finding that he had failed to join indispensable parties under the requirements of the Declaratory Judgment Act.

2.      Whether the trial court abused its discretion by denying Mr. Largen's motion for class certification.

The City presents two additional issues, which we have similarly restated as follows:

3.      Whether Mr. Largen filed a timely notice of appeal such that this Court has subject matter jurisdiction over the appeal.

4.      As an alternative basis for granting the motion to dismiss, whether Mr. Largen's exclusive remedy would have been a timely action in the nature of a *quo warranto* proceeding under Tennessee Code Annotated § 6-51-103(a).

## III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

This Court has held that trial courts have discretion to determine the presence of necessary parties to a declaratory judgment and to require their joinder. *See Reed v. Town of Louisville*, No. E2006-01637-COA-R3-CV, 2007 WL 816521, at *2 (Tenn. Ct. App. Mar. 19, 2007). Therefore, although dismissal for lack of subject matter jurisdiction is not discretionary, we review a trial court's dismissal based on a finding of missing indispensable parties under an "abuse of discretion" standard. *Id.* We review a trial court's grant or denial of class certification under an abuse of discretion standard as well. *Wofford v. M.J. Edwards & Sons Funeral Home, Inc.*, 528 S.W.3d 524, 537 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Aug. 18, 2017).

As this Court has explained:

> A trial court's decision on class certification is entitled to deference. *See Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 637 (Tenn. 1996). The grant or denial of class certification is discretionary, and the court's decision will stand absent abuse of that discretion. *Id.* (citing *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)). The abuse of discretion standard typically applies when a choice exists in the trial court among several acceptable alternatives. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999)). Because the trial court is vested with the responsibility to make that choice, a reviewing court cannot second-guess the lower court's judgment or merely substitute an alternative it finds preferable. *Id.* at 524 (citations omitted). A reviewing court must instead affirm the discretionary decision so long as reasonable legal minds can disagree about its correctness. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). The same principles apply here [to class action certification]; a trial court's certification decision must stand if reasonable judicial minds can differ about the soundness of its conclusion. *Freeman v. Blue Ridge Paper Prod., Inc.*, 229 S.W.3d 694, 703 (Tenn. Ct. App. 2007) (citing *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)).

*Id.* (quoting *Roberts v. McNeill*, No. W2010-01000-COA-R9-CV, 2011 WL 662648, at *3-5 (Tenn. Ct. App. Feb. 23, 2011)). Furthermore, our Supreme Court has elucidated generally that "[a]n abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

11

## IV. Subject Matter Jurisdiction on Appeal

We first address the threshold issue of this Court's subject matter jurisdiction over the case at bar. "Subject matter jurisdiction involves a court's lawful authority to adjudicate a particular controversy." *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Ordinarily, a party may appeal a final judgment by filing a notice of appeal within thirty days of the trial court's entry of judgment or order regarding certain post-trial motions. *See* Tenn. R. App. P. 4(a)-(b). If a notice of appeal is untimely, this Court lacks subject matter jurisdiction over the case and must dismiss the appeal. *See Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

The City contends that Mr. Largen's notice of appeal was not timely because he filed his notice on July 26, 2017, which was more than thirty days after entry of the trial court's March 10, 2017 order dismissing the case. *See* Tenn. R. App. P. 4(a). Although Mr. Largen filed a "Motion to Set Aside Order" on March 28, 2017, the City argues that the trial court erred by allowing this motion to toll the time for filing a notice of appeal because a motion to set aside is not included in the specific motions that may extend the time for filing a notice of appeal. *See* Tenn. R. App. P. 4(b); Tenn. R. Civ. P. 59.01. In its June 27, 2017 order dismissing the motion to set aside, the trial court addressed the motion after noting that Mr. Largen had not "specifically referenced" the motion as "being filed pursuant to Tenn. R. Civ. P. 59 or 60." In substance, the trial court appears to have treated the motion as a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the judgment, which would toll the timeframe for a notice of appeal. *See* Tenn. R. Civ. P. 59.01(4). We therefore examine whether the trial court abused its discretion by considering Mr. Largen's motion to set aside as a motion to alter or amend the judgment.

No technical forms of motions are required under the Tennessee Rules of Civil Procedure. *See* Tenn. R. Civ. P. 8.05(1); *Gassaway v. Patty*, 604 S.W.2d 60, 61 (Tenn. Ct. App. 1980), *perm. app. denied* (Tenn. Sept. 2, 1980) (determining that the substance of an appellant's motion was a Rule 59 motion, notwithstanding the motion's form or stated title); *see also Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) ("[C]ourts must give effect to the substance, rather than the form or terminology of a pleading." (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010))). "The purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing the trial courts with an opportunity to correct errors *before a judgment becomes final*." *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012) (quoting *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). "Thus, for thirty days after entry of a final judgment, motions for relief should be premised upon Rule 59." *Discover Bank*, 363 S.W.3d at 489.

Mr. Largen filed his motion to set aside on March 28, 2017, which was eighteen days after the trial court entered its March 10, 2017 order dismissing the case for lack of subject matter jurisdiction and twelve days before the order became a final judgment. The predicate for Mr. Largen's motion to set aside was an alleged error of law in the trial court's order. Specifically, Mr. Largen argued that "[t]he order of dismissal is in direct conflict with the proceedings" and that "the entire question of the actual existence of indispensable parties [is] hanging and unresolved." Upon careful review, we determine that the allegations and relief requested in Mr. Largen's motion to set aside were consistent with a motion for relief filed under Tennessee Rule of Civil Procedure 59.04.

We thereby conclude that the trial court did not abuse its discretion by treating Mr. Largen's motion to set aside as a motion filed under Tennessee Rule of Civil Procedure 59.04. As a result, the motion tolled the thirty-day deadline for filing a notice of appeal until the trial court ruled on the motion on June 27, 2017. *See* Tenn. R App. P. 4(b)(4). Therefore, Mr. Largen's notice of appeal filed on July 26, 2017, twenty-nine days after the trial court's order denying the motion to alter or amend the judgment, was timely. *See* Tenn. R. App. P. 4(a). This Court has subject matter jurisdiction over Mr. Largen's appeal of the dismissal of his complaint.

V. Indispensable Parties

Mr. Largen contends that the trial court erred by determining that other landowners holding title to real property annexed by the challenged ordinances were indispensable parties. Specifically, Mr. Largen argues that other landowners with property in the annexed areas are not necessary parties because their presence or absence would not alter the material facts or the outcome of the lawsuit. In the alternative, Mr. Largen argues that he has already proven that the challenged annexation ordinances are void *ab initio* and that the other landowners thereby "did not, and could not, acquire under this void ordinance any legal rights or legally enforceable claims such as to render them necessary parties to this action."

In contrast, the City postulates that the trial court was correct in its reasoning "based upon the interests of both the City and citizens owning property in the annexed areas." The City argues that it would have an interest in joining the additional parties because exclusion of the other landowners would expose the City to repeated lawsuits with potentially inconsistent obligations. The City also asserts that other landowners would have an equal interest in being joined because they would risk losing municipal benefits associated with property ownership within the City. Upon a thorough review of the record, we agree with the City.

13

Claims brought under the Declaratory Judgments Act require the joinder of all parties "who have or claim any interest which would be affected by the declaration." Tenn. Code Ann. § 29-14-107. As our Supreme Court has held, "[t]he non-joinder of necessary parties is fatal on the question of 'justiciability' which, in a suit for a declaratory judgment, is a necessary condition of judicial relief." *Wright v. Nashville Gas & Heating Co.*, 194 S.W.2d 459, 461 (Tenn. 1946). "This does not mean, however, all persons who might be remotely affected need [be] joined." *Shelby Cty. Bd. of Comm'rs v. Shelby Cty. Quarterly Court*, 392 S.W.2d 935, 940 (Tenn. 1965). This Court has held that trial courts "have discretion to determine who those necessary parties are." *Reed*, 2007 WL 816521, at *2.

This Court has also elucidated:

[I]ssuing a declaratory judgment without adding these [necessary] parties would defeat the stated purpose of the Declaratory Judgment Act, "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." T.C.A. § 29-14-113. . . . This raises the specter of recurring litigation on the same subject, and declaratory judgment may be refused where, if rendered, it would not terminate the uncertainty or controversy giving rise to the proceedings. *Commercial Cas. Ins. Co. v. Tri-State Transit Co. of La.*, 146 S.W.2d 135, 136 (Tenn. 1941).

*Id.*

The trial court determined in its July 8, 2016 omnibus order that "without the joinder of the remainder of the allegedly affected property owners, [the City] would be exposed to repeated lawsuits with risk of inconsistent obligation[s] unless they are all joined." Additionally, Mr. Largen alleged in his own complaint that there were "untold numbers of other property owners who are in similar situations" and who may be necessary parties. We note that Mr. Largen consistently acknowledged the possibility of necessary parties despite amending his complaint on three separate occasions.

We also note that Mr. Largen maintains in his reply brief submitted to this Court:

[T]here are other property owners whose property was annexed and is being unlawfully taxed by the City, when it is in fact not a part of the City and thus not subject to city taxes. These property owners most likely would also like to get their unlawfully collected taxes back, and it was this possibility that was referred to in the complaint.

14

Mr. Largen's reasoning as to why other landowners might be similarly affected by the annexations under review is identical to the trial court's rationale as to why the other affected landowners were indispensable parties to his claim. Specifically, Mr. Largen does not appear to dispute the trial court's conclusion that the omission of other affected landowners would expose the City to "repeated lawsuits with risk of inconsistent obligation[s]." Mr. Largen argues, however, that this does not make a party necessary or indispensable to a lawsuit. We disagree. *See Reed*, 2007 WL 816521, at *2.

We are also not persuaded by Mr. Largen's contention that there are no other necessary parties to the lawsuit because the presence or omission of additional parties would not change the facts of the case. The Declaratory Judgments Act requires the joinder of all parties who "have or claim any interest which would be affected by the declaration," which is a qualification independent from whether a party has material evidence to contribute. *See* Tenn. Code Ann. § 29-14-107(a). We further find unavailing Mr. Largen's alternate argument that he has already proven through his allegations that the challenged annexation ordinances are void. Mr. Largen cannot bypass due process merely because he asserts that declaratory judgment in his favor is a foregone conclusion.

The trial court's finding that other affected landowners in the City were indispensable parties was at Mr. Largen's own suggestion and not arbitrary, but appropriate. We discern no indication that the trial court abused its discretion by applying an incorrect legal standard, coming to an illogical conclusion, or basing its finding on an erroneous assessment of the evidence. *See Lee Med.*, 312 S.W.3d at 524. Ergo, we determine that the other affected landowners were indispensable parties to Mr. Largen's complaint and that their non-joinder deprived the trial court of subject matter jurisdiction over the instant case. *See Huntsville Util. Dist. of Scott Cty., Tenn. v. Gen. Trust Co.*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992), *perm. app. denied* (Tenn. May 26, 1992) ("Parties seeking declaratory relief must also satisfy the more specific requirements of the Declaratory Judgments Act before the courts have jurisdiction to grant declaratory relief."). As a result, the trial court's grant of dismissal was proper pursuant to the Declaratory Judgments Act. *See id.* ("While joinder may not be required under [Tennessee Rules of Civil Procedure] 19.01 and 19.02, it is clearly required in a suit for declaratory relief pursuant to Tennessee Code Annotated, Section 29-14-107(a) . . . .").

Although the trial court dismissed this case without first addressing Mr. Largen's motion for summary judgment, we determine that the trial court did not err in declining to rule on the motion prior to dismissal. As the trial court stated in its June 27, 2017 order, "[w]ithout the joinder of the indispens[able] parties, [the trial] court is without subject matter jurisdiction and has no power to act, other than to dismiss the case." *See Osborn*, 127 S.W.3d at 739. We agree with the trial court's reasoning and thereby affirm its

decision to dismiss the case for lack of subject matter jurisdiction due to non-joinder of indispensable parties.

## VI. Class Action Certification

Mr. Largen also contends that the trial court abused its discretion by refusing to certify the class of other landowners affected by the challenged annexation ordinances. Mr. Largen has not specified how the trial court abused its discretion, merely submitting that our "Supreme Court has adopted a liberal interpretation of these joinder requirements [for class action certification] in the case of *Jack's Cookie Corp*[.]" In *Jack's Cookie Corp. v. Giles Cty.*, a case preceding Tennessee's adoption of Tennessee Rule of Civil Procedure 23, our Supreme Court upheld a lower court's finding that bond holders of a defendant bank were not necessary parties to be joined in a declaratory judgment action challenging the disposition of certain funds held by the bank. *See* 407 S.W.2d 446, 448-49 (Tenn. 1966). The High Court determined that the other bond holders were not necessary parties to the suit because the bank was their fiduciary and a bond holder itself, creating a "virtual representation" on the bond holders' behalf. *Id.* at 449. Mr. Largen ostensibly argues that virtual representation has application in the instant action because of his position as an affected landowner.

In contrast, the trial court noted in its order denying class certification that "the party seeking to utilize *Tenn. R. Civ. P. 23* bears the burden of pleading and proving that the prerequisites of the rule have been met, [and] the allegations on each point must be persuasive." The trial court determined that "[b]ased upon the record before it, the court cannot discern who or whom [Mr. Largen] is seeking to make 'the representative party [or parties]' of the proposed class of defendants, nor is it clear that the 'defenses' of any representative party or parties are typical of the class." Upon our careful review, we agree with the trial court's conclusion that Mr. Largen failed to meet the burden of proof required for class certification.

In its order denying class action certification, the trial court considered Mr. Largen's putative class with respect to the four prerequisites to class action as set forth in Tennessee Rule of Civil Procedure 23.01, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

We note that Mr. Largen's motion for class action certification did not explicitly reference any of the four requirements provided in Tennessee Rule of Civil Procedure 23.01. Specifically, Mr. Largen stated that "the facts and circumstances of this case fall clearly within the parameters set out for Class Actions in Rule 23" without further explanation. Mr. Largen also did not specify in his motion whether the class would be one of additional plaintiffs or defendants, stating that he was seeking class action certification "as prayed for in the original complaint," in which he had averred that "untold numbers of other property owners" were similarly situated to himself as plaintiff.

In its order denying class action certification, the trial court first noted that Mr. Largen had argued during a hearing on the motion that a class of defendants, rather than plaintiffs, should be certified in the case. The trial court then found that Mr. Largen was arguably able to meet the first two prerequisites: the impracticable number of the class and a question of law common to the class. However, the court found that Mr. Largen had "failed to meet both the third and fourth threshold requirement[s]" of Rule 23.01. The trial court explained in relevant part:

> While the court can assume that the class of defendants herein would encompass all present and past landowners whose property was annexed by the contested annexations, the court is not in a position to assume, nor should it, who or whom the representative part[ies] may be or whether the representative part[ies] have any defenses, let alone defenses that are typical of the class.

(Footnote omitted.)

Although Mr. Largen's motion did not address representation of his proposed class, the trial court indicated in its order that Mr. Largen suggested during a hearing on the motion "that [the City's] attorney could adequately represent the interests of the class of defendants." Mr. Largen did not explain how the claims or defenses of the City would be typical to the claims or defenses of a proposed class of defendants or how the City would adequately protect the interests of the proposed class. *See* Tenn. R. Civ. P. 23.01.[7]

---

[7] A party moving for class certification has a two-fold burden under Tennessee Rules of Civil Procedure 23.01 and 23.02. *See Wofford*, 528 S.W.3d at 538. The trial court declined to consider Mr. Largen's motion with respect to the requirements of Rule 23.02 because it found that the motion failed to satisfy threshold requirements of Rule 23.01. We have omitted an analysis of the criteria for class action certification contained in Rule 23.02 for similar reasons.

The trial court noted in its order denying class certification:

> It is entirely plausible that there could be members of the class who would side with the plaintiff, with the defendant or have an entirely different position on the merits of the case. While the court recognizes that some authority exists to allow the court to create subclasses to represent the divergent perspectives, this court is unwilling to certify a class of defendants based on the scant "proof" in the record.

Concerning a class of plaintiffs, the trial court also determined that Mr. Largen had not shown that his claim and the relief he requested would be representative of the putative class.

"The burden is on the party invoking Rule 23 to show that each [prerequisite] has been satisfied." *Hamilton v. Gibson Cty. Util. Dist.*, 845 S.W.2d 218, 225 (Tenn. Ct. App. 1992) (quoting *Albriton v. Hartsville Gas Co.*, 655 S.W.2d 153, 154 (Tenn. Ct. App. 1983)). Mr. Largen also has not shown how the putative class of defendant landowners affected by the ordinances in dispute satisfies the prerequisites of Rule 23 apart from an *ipso facto* assertion that "the circumstances of this case fall clearly within the parameters." Similarly, Mr. Largen also has the burden of proof on appeal to show "how and why the trial court abused its discretion, if in fact it did." *See Hamilton*, 845 S.W.2d at 225. He has provided no particular reasons on appeal as to how the trial court may have abused its discretion by denying the proposed class certification.

We thereby determine that Mr. Largen has not satisfied his burden of proof with respect to the issue of class action certification. We conclude that the trial court did not abuse its discretion by denying Mr. Largen's motion for class action certification.

## VII. Dismissal for Lack of *Quo Warranto* Proceeding

In the alternative, the City also contends that the trial court had a viable ground for dismissal because Mr. Largen did not file an action in the nature of a *quo warranto* proceeding at the appropriate time pursuant to Tennessee Code Annotated § 6-51-103. Having determined that the trial court did not err by dismissing the claim due to lack of subject matter jurisdiction based on non-joinder of indispensable parties and that the trial court did not abuse its discretion by denying the motion for class action certification, we conclude that the issue of an alternate ground for dismissal is pretermitted as moot.

## VIII.  Conclusion

For the foregoing reasons, we affirm the trial court's judgment in its entirety.  This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.  The costs on appeal are assessed against the appellant, Gerald Largen.

_____
THOMAS R. FRIERSON, II, JUDGE